**Martin L. TREPEL, et al., Plaintiffs,**

v.

**Berrien C. EATON, Jr., et al., Defendants.**

**Civ. A. No. 82–70806.**

United States District Court, E.D. Michigan, S.D.

April 18, 1984.

Stephen E. Powers, New York City, Dennis Pheney, Farmington Hills, Mich., for plaintiffs.

Robert Russell, Detroit, Mich., Berrien C. Eaton, Jr., Collins, Einhorn & Farrell, P.C., Southfield, Mich., for defendants.

### MEMORANDUM OPINION

CHURCHILL, District Judge.

Before the Court are the defendants' motions for allowance of attorney fees pursuant to this Court's Local Rule 32 governing mediation practice.

The plaintiffs' claims for legal malpractice against the several defendants were tried along with one of the law firm's counterclaim for attorney fees. On November 1, 1983, judgment was entered pursuant to a jury verdict of no cause of action on the plaintiffs' claims. The judgment awarded defendant Gray, Plant, Mooty & Bennett ("Gray, Plant") $22,775.77 on its counterclaim. On January 25 and February 9, 1984, Gray, Plant and the remaining defendants filed their respective motions for awards of attorney fees pursuant to the penalty provisions of Local Rule 32.

Under Local Rule 32 the Court may submit to mediation any civil diversity case which seeks exclusively money damages. Mediation is conducted by a panel of three attorneys designated and supervised by the Mediation Tribunal Association, a non-profit corporation.[1] The rule provides for the submission of documents pertaining to the questions of liability and damages and for limited oral presentations to the panel. Within ten days of the hearing, the panel makes a monetary evaluation of the case and notifies the parties thereof. Within forty days of the evaluation, the parties must accept or reject the evaluation.

If the evaluation is not rejected by any party, judgment is entered in the amount of the award. On the other hand, if any party rejects the evaluation, the matter proceeds to trial. However, where a party

---

1. The Mediation Tribunal Association also serves the Circuit Court for the Third Judicial Circuit of Michigan.

rejects an evaluation which the adversary accepts, the Rule provides a sanction of attorney fees where the rejecting party fails to better the award by 10%.

In this case, plaintiffs alone rejected the mediation award and did not prevail at trial in an amount exceeding the award by 10%. Consequently, the pertinent penalty provision is Local Rule 32(j)(3):

> "If the Mediation Panel's evaluation is unanimous and the defendant accepts the evaluation but the plaintiff rejects it and the matter proceeds to trial, the plaintiff must obtain a verdict in an amount which, when interest on the amount and costs from the date of filing of the complaint to the date of the evaluation are added, is more than 10 percent greater than the evaluation in order to avoid the payment of actual costs to the defendant."

By virtue of this provision, upon entry of the judgment in this case, plaintiffs were subject to the penalty of payment of "actual costs". Actual costs are defined by the mediation rule to "include those costs and fees taxable in any civil action and, in addition, an attorney fee for each day of trial as may be determined by the Court". Local Rule 32(k).

The pending motions, seeking an award of attorney fees pursuant to the penalty provisions, were filed 85 and 100 days after the judgment, respectively. In its order setting the motions for decision on briefs, the Court noted the issue of timeliness raised by Local Rule 17(1) governing motion practice. Rule 17(1) provides:

> "Except as otherwise provided by statute or by order of the Court, an application for attorney fees by a prevailing party together with a supporting memorandum *shall* be filed within 30 days after the entry of the judgment. Failure to file the application within the time specified *shall* be considered a waiver of the right to attorney fees." (Emphasis added.)

The parties have briefed the issue fully, but have been unable to furnish any precedent directly on point.

The movants would have the Court disregard the two "shall" terms of Local Rule 17(1) in favor of the term "shall" as used in Local Rule 32(j)(2):

> "If any party rejects the Mediation Panel's evaluation, the matter shall proceed to trial as the court may direct". The penalty provisions set forth in j(3), (4) and (5) *shall* apply." (Emphasis added.)

There is no dispute but that the penalty provisions "apply" in this case. The plaintiffs do not contest their rejection of the mediation award nor their failure to better that award amount by 10% at trial. The issue is whether the movants' right to attorney fees as an element of "actual costs" has been waived by an untimely application for their assessment.

Rule 17(1) was enacted in response to a suggestion by the Supreme Court in *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982). In *White*, the Court held that a post-judgment motion under the Civil Rights Attorneys Fees Award Act of 1976 was not subject to the ten-day limitation of F.R.Civ.P. 59(e) for motions to alter or amend a judgment. In addressing the problems posed by delay in the making of such motions for attorney fees, the Court noted that "the district courts remain free to adopt local rules establishing timeliness standards for the filing of claims for attorneys' fees". 455 U.S. at 454, 102 S.Ct. at 1168, 71 L.Ed.2d at 333.

Rule 17(1) became effective on December 13, 1982, more than one year after the effective date of Rule 32. It must be assumed that the judges of the District Court for the Eastern District of Michigan were aware of attorney fee provisions in Rule 32. Rule 17(1) sets forth an express and unambiguous time limitation on an "application" for attorney fees, subject only to statute or order of the court. The defendants urge that their motions are essentially applications for "costs" and that no local rule limits the time within which costs may be taxed. However, it is clear that the drafters of the mediation rule intended that the Court, and not the Clerk, determine the

amount of the daily attorney fee awardable. Indeed, the defendants have filed their bills of costs separate from these motions.[2] Consequently, the pending motions must be deemed "applications" under Rule 17(1).

The Court fails to discern any legitimate policy that should override the otherwise clear applicability of Rule 17(1).

Accordingly, the Court finds the defendants' rights to attorney fees to have been waived by operation of Local Rule 17(1) and will enter an order denying them on that basis.

**2.** Applications for costs are not restricted by the Rule 17(1) or any other Local Rule.