779 F.2d 1465
 John C. WATKINS, Plaintiff-Appellant,
v.
John M. McMILLAN, Jr., Individually and as Commissioner of
Alabama Department of Conservation and Natural Resources,
and Gary J. Beers, Individually and as Assistant
Commissioner of the Alabama Department of Conservation, and
Natural Resources, John Hodnett, as Commissioner of the
Alabama Department of Conservation and Natural Resources,
Kenny Nichols, Assistant Commissioner of the Alabama
Department of Conservation and Natural Resources and Sidney
Bledsoe, Director of the Parks Division of the Alabama
Department of Conservation and Natural Resources,
Defendants-Appellees.
 No. 85-7411.
Non-Argument Calendar.
 United States Court of Appeals,
Eleventh Circuit.
 Nov. 13, 1985.
 
 DeMent & Wise, Ira DeMent, Montgomery, Ala., Alberta Murphy, Murphy & Murphy, Tuscaloosa, Ala., for plaintiff-appellant.
 Winston V. Legge, Jr., Patton, Latham, Legge & Cole, Athens, Ala., for defendants-appellees.
 Appeal from the United States District Court for the Middle District of Alabama.
 Before RONEY, HENDERSON and HATCHETT, Circuit Judges.
 PER CURIAM:
 
 
 1
 The district court denied a motion of the prevailing plaintiffs for attorney fees on the ground that it was not filed within the time required by the local rules of that court. The rule provides:
 
 
 2
 In any case in which an attorney is entitled by statute to attorney fees as the prevailing party, and such attorney fees are taxable as part of the cost, the attorney may have additional time to file his petition for attorney fees, but such petition shall be filed or mailed by certified or registered mail within 30 days from the date of judgment, or such claim shall be deemed waived. CAVEAT: In some cases the attorney fees are treated as part of the judgment rather than as part of the cost. If part of the judgment, a petition to amend the judgment must be filed within 10 days of the judgment.
 
 
 3
 Local Rules of the United States District Court for the Middle District of Alabama, Rule 5.
 
 
 4
 Appealing from that decision, the plaintiff admits the district court is authorized to adopt rules establishing timeliness standards for the filing of claims for attorney fees. White v. New Hampshire Dept. of Employment Security, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982). He contends, however, that the judgment which triggers the time under the local rule must be a final judgment, and that the district court judgment entered on August 16, 1984, did not become final until affirmed by this court on April 16, 1985. Since the motion for fees was filed on May 3, 1985, he argues his motion was within the 30-day requirement of the rule.
 
 
 5
 We affirm the decision of the district court that the "date of judgment," as used in the rules, refers to the date of the final judgment in the district court, and that an appeal does not extend or stay the time limit for filing a motion for fees. Although we agree the decision in Pitts v. Freeman, 755 F.2d 897 (11th Cir.1985), is not precisely in point because the request there was for attorney fees attributable to an unappealed part of the judgment, the rationale of that case and the reasons for setting a time limit dictate the district court was within its discretion in interpreting its own rule as it did.
 
 
 6
 AFFIRMED.