William H. HICKS; Vivian H. Mills, Appellants,

v.

SOUTHERN MARYLAND HEALTH SYSTEMS AGENCY; Robert W. Sherwood, Jr., Executive Director, Southern Maryland Health Systems Agency; Prince George's County; St. Mary's County; Calvert County, Charles County, Individually and in their official capacities; State of Maryland, Appellees.

William H. HICKS; Vivian H. Mills, Plaintiffs,

and

Diemer and Baker, Appellant,

v.

SOUTHERN MARYLAND HEALTH SYSTEMS AGENCY; Robert W. Sherwood, Jr., Executive Director, Southern Maryland Health Systems Agency; Prince George's County; St. Mary's County; Calvert County, Charles County; Individually and in their official capacities; State of Maryland, Appellees.

Nos. 85–1085, 85–1086.

United States Court of Appeals, Fourth Circuit.

Argued Feb. 6, 1986.

Decided Dec. 1, 1986.

Rehearing and Rehearing En Banc Denied Jan. 12, 1987.

David P. Sutton, Bowie, Md. (Gerald C. Baker, Diemer & Baker, Lanham, Md., Steven P. Lemmey, Fred R. Joseph, Joseph, Greenwald & Laake, Hyattsville, Md., on brief), for appellants.

Thomas F. Farah (William G. Kopit, Epstein, Becker, Borsody & Green, P.C., Washington, D.C., Russell H. Gardner, Wolf, Pokempner & Hillman, Baltimore, Md., on brief), for appellees.

Before SPROUSE and CHAPMAN, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.

HAYNSWORTH, Senior Circuit Judge:

Soon after this court affirmed the grant of summary judgment in favor of all of the

defendants, *Hicks v. Southern Maryland Health Systems Agency*, 737 F.2d 399 (4th Cir.1984), the defendants, Southern Maryland Health Systems Agency and Sherwood, filed a motion in the district court for the allowance of attorneys' fees and costs jointly against the two plaintiffs and their lawyers. The district court granted the motion, and the plaintiffs and their lawyers have appealed.

We affirm.

## I.

Each of the plaintiffs was discharged by Southern Maryland Health Systems Agency upon a charge that they had furnished to a regional officer of the Bureau of Health Planning of the United States Department of Health and Human Services false information that reflected upon the integrity and competence of the management of SMHSA and had provoked an unnecessary audit of its financial affairs. The discharges were also upon the ground that the plaintiffs had violated a policy against employee communication with outside officials without first informing the executive director.

The plaintiffs joined in a complaint, asserting some seven separate causes of action against both state and federal defendants. The district court considered at length a number of legal issues, but, in the end, concluded that there was no factual basis for any of the asserted claims.

In concluding our opinion affirming the grant of summary judgment to all defendants, we reprimanded counsel for having asserted and prosecuted "baseless" claims. 737 F.2d at 405. It was our characterization of those claims as baseless which prompted the motion for attorneys' fees.

The motion for fees was based upon Fed. R.Civ.P. 11, 28 U.S.C.A. § 1927, 42 U.S.C.A. § 1988, and 42 U.S.C.A. § 2000e–5(k).

## II.

In the district court the plaintiffs did not question the jurisdiction of the district court to consider the motion for fees. Though the defendants had requested an award of fees in their answer to the complaint, the motion for the assessment of fees was not filed in the district court until after the conclusion of the appeal in this court. Here they do assert lack of jurisdiction in the district court to make any fee award.

Neither Rule 11 nor any of the three statutes authorizing fee awards contains any intrinsic time limitation.

At one time it was thought by some that a motion for a fee award, filed after final judgment, should be treated as a motion to alter or amend the judgment under Rule 59(e) subject to its ten day time limitation. That notion was rejected by the Supreme Court in *White v. New Hampshire Department of Employment Security*, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982). There the Supreme Court dealt explicitly with a fee award under 42 U.S.C.A. § 1988, but the reasoning applies as well to awards under Rule 11 and the other statutes. *See, e.g., Gordon v. Heimann*, 715 F.2d 531 (11th Cir.1983).

Under *White*, there is said to be no time limit for the filing of such a fee allowance request except that the Supreme Court observed that a fee award is discretionary and that a district judge would have the right, in his discretion, to deny an award if the post-judgment request unfairly surprised or prejudiced the adverse party. The Supreme Court also observed that district courts could adopt local rules providing time limitations for the filing of such motions.

Here, the plaintiffs do not suggest any limitation period comparable to Rule 59(e)'s ten day limitation period. They contend instead that termination of appellate proceedings in this court divested the district court of jurisdiction to consider any subsequently filed motion for the allowance of fees. They place their reliance upon *Overnite Transportation Co. v. Chicago Industrial Tire Co.*, 697 F.2d 789 (7th Cir.1983).

*Overnite Transportation*, indeed, did lay down such a rule. The Seventh Circuit was concerned about piecemeal appeals. They thought that any request for an award of fees for services in the district court should

be made and acted upon in time for any appeal respecting a fee award to be consolidated with an appeal on the merits.

We are also concerned about piecemeal appeals, but as long as the rule does not foreclose the filing of motions for awards of fees for services in the district court after the appellate proceedings have so far matured as to foreclose the possibility of consolidation, the rule is ill adapted to this purpose.

Moreover, there are countervailing considerations. One who happens to be the prevailing party at the conclusion of the proceedings in the district court may not remain the prevailing party after the appellate procedures have run their course. Even where, as here, the defendants characterize the plaintiffs' claims as entirely baseless, the appropriateness of the characterization is unsettled as long as there is a pending appeal in which the plaintiffs, with apparent earnestness, assert that there are real issues of disputed fact foreclosing the entry of summary judgment against them. There is some reason to think that such uncertainty should be clarified before counsel and the district judge should be called upon to consider the appropriateness of a fee award and assess the amount. However an independent and collateral issue, such as a fee award, is handled, there is some risk of squandered judicial effort.

■ It is not for us, however, to speculate whether it was better pressed earlier rather than later. The Supreme Court seems to have held in *White* that the district court has jurisdiction to consider and grant a motion for the allowance of fees, though made several months after the conclusion of all appellate proceedings. In the absence of an applicable local rule in the district court, the only time limitation arises out of those equitable considerations that a district judge may weigh in his discretion.

### III.

It now appears there is an applicable local rule for the District of Maryland. Its Local Rule 23A provides in relevant part:

Except as otherwise provided by statute or ordered by the Court, a motion for attorney's fees claimed by a prevailing party must be filed by said party within twenty (20) days of the entry of judgment. Noncompliance with this time limit shall be deemed a waiver of any claim for attorney's fees.

Local Rule 23A was not called to the attention of the district court. The court made no reference to it. It well may be that the twenty day period begins to run upon the entry of the final judgment in the district court, from which the earlier appeal was taken, though it is conceivable that the district court would construe it to mean that the twenty days begins to run from the date of this court's mandate affirming the judgment of the district court. The rule, however, is that of the district court and we do not have the benefit of its interpretation of it. *Cf. Watkins v. McMillan,* 779 F.2d 1465 (11th Cir.1985).

■ Local Rule 23A, however, is not jurisdictional. It is a housekeeping rule regulating the court's exercise of its jurisdiction. The rule itself contemplates that there may be departures from it by court order, and here the court has ordered payment of legal fees despite the existence of the rule. We are not presented with any question of the appropriateness of the district court's enforcement or non-enforcement of such a housekeeping rule, for there is nothing to indicate that any consideration was given to it. The only question before us is the one, belatedly raised, of the jurisdictional power of the district court to do what it did. Existence of that power is not affected by the unnoticed presence of a housekeeping rule.

### IV.

There is no merit in the plaintiffs' challenge of the basis for an award of fees.

We would have been concerned about the amount of the award and the contention that, if the plaintiffs' claims were baseless in the beginning, it would have been unnecessary for the defendants to procure such extensive legal services. The district court

found it necessary, however, to engage in extensive consideration of legal problems before the baselessness of all the claims was fully exposed. As the district court observed, it was first necessary to blow away the smoke screens the plaintiffs had thrown up.

We find no abuse of the district court's discretion in fixing the amount of the fee.

AFFIRMED.