828 F.2d 1077
 9 Fed.R.Serv.3d 75
 Allen JACKSON, # 157927; Derrick Johnson, # 154486; James
Prince, # 162405; Eric Tarplay, # 160880; John A.
Turkette, # 161508; Inmates at Maryland Correctional
Institution, Plaintiffs-Appellants,
v.
John R. BEARD, Jr.; Clyde Moser; Irvin L. Clingan; James
R. Tinney, III; John S. Kalbflesh; John P. Morgan; Norman
L. Schetrompf; Jack O. Harne; John Ankeney; Michael
Shirk; Steven Crist, Defendants-Appellees.
 No. 86-7382.
 United States Court of Appeals,
Fourth Circuit.
 Argued May 5, 1987.
Decided Sept. 18, 1987.
 
 Lawrence Bernard Coshnear, Legal Aid Bureau, Inc., Baltimore, Md., for plaintiffs-appellants.
 Monica Louise Newman (J. Edward Davis; Davis & Jenkins, Towson, Md., on brief), for defendants-appellees.
 Before RUSSELL, WIDENER and PHILLIPS, Circuit Judges.
 JAMES DICKSON PHILLIPS, Circuit Judge:
 
 
 1
 Local Rule 23A of the Rules of the United States District Court for the District of Maryland requires that, except as otherwise provided by statute or by court order, motions for attorney's fees must be filed "within 20 days of the entry of judgment."[1] The sole issue on this appeal concerns the time at which this twenty-day period begins to run when, following entry of a primary judgment in the district court, timely post-verdict motions are filed. The district court ruled that it began to run from the date of entry of the primary judgment and accordingly denied as untimely a motion filed more than twenty days after that date but within twenty days of the entry of an order denying post-verdict motions.
 
 
 2
 We affirm.
 
 
 3
 * This appeal arises from an action brought under 42 U.S.C. Sec. 1983 by several inmates of a Maryland correctional institution against a number of correctional officers who allegedly beat the inmates and denied them medical assistance in the course of a prison riot. Following the entry of a judgment upon special jury verdicts that partially favored both sides, parties on both sides filed post-verdict motions: the plaintiffs, for a new trial; one of the defendants, for judgment n.o.v. The district court ultimately denied both motions. More than twenty days after entry of the primary judgment but within twenty days of entry of the order denying the post-verdict motions, the inmates, appellants here, moved for an award of costs and attorney's fees as partially prevailing plaintiffs under 42 U.S.C. Sec. 1988. The district court denied the motion on the sole basis that it was not timely filed under Local Rule 23A.
 
 
 4
 This appeal followed.
 
 II
 
 5
 While there is apparently no "legislative" history to explain the purposes and proper interpretation of Local Rule 23A, the Local Rule is facially consistent with Fed.R.Civ.P. 83, which allows district courts to promulgate rules of practice which "have the force and effect of law, and are binding upon the parties and the court which promulgated them...." Woods Construction Co. v. Atlas Chemical Industries, Inc., 337 F.2d 888, 890 (10th Cir.1964) (applying a local rule requiring a verified bill of costs by the party recovering costs within ten days after entry of judgment). Several courts have enforced local rules setting time limits for filing claims for attorney's fees. See Watkins v. McMillan, 779 F.2d 1465 (11th Cir.1985) (per curiam); Trepel v. Eaton, 101 F.R.D. 539 (E.D.Mich.1984). Such local rules, moreover, are sanctioned by White v. New Hampshire Dept. of Employment Security, 455 U.S. 445, 454, 102 S.Ct. 1162, 1167, 71 L.Ed.2d 325 (1982), where the Supreme Court acknowledged the authority of district courts to adopt local rules imposing time limits for filing Sec. 1988 attorney's fee claims and noted the problems caused by delay in filing such motions. This court has noted the application of Local Rule 23A to Sec. 1988 motions, but without deciding the issue presented here. Hicks v. Southern Maryland Health Systems Agency, 805 F.2d 1165, 1167 (4th Cir.1986) ("It may well be that the twenty-day period begins to run upon the entry of the final judgment in the district court, from which the earlier appeal was taken, though it is conceivable that the district court would construe it to mean that the twenty days begins to run from the date of this court's mandate affirming the judgment of the district court. The rule, however, is that of the district court and we do not have the benefit of its interpretation of it.")
 
 
 6
 This appeal requires resolution of the problem noted, but not resolved, in Hicks. While the district court clearly possessed the authority to promulgate Local Rule 23A, the Rule's proper interpretation on the point at issue is not so facially apparent that reasonable disagreement is foreclosed. The problem, as the appellants note, is that any determination of permissible attorney's fees requires an assessment of the success of the parties--as Local Rule 23A itself notes. Where there are post-judgment motions that can affect the outcome of the litigation, the appellants reason, they should not be required to file their motion for fees since the motion may be mooted or the request for fees may need to be modified.
 
 
 7
 The appellants therefore argue that the timing of the motion should, as a matter of necessary interpretation of Local Rule 23A, begin not with the entry of the primary judgment but with entry of what they choose to call the "final" judgment in order to make the needed distinction. This interpretation may be possible, as Hicks noted, but it is surely not inevitable. See Watkins, 779 F.2d at 1466 (rejecting the notion that an appeal should extend or stay the local rule time limit for filing a motion for attorney's fees).
 
 
 8
 We start with the fact that a magistrate, construing his own court's local rule, has interpreted it against the appellants' position in this case. While surely not conclusive upon us, nor entitled to the deference that would be given to the decision of a district judge, see United States Fidelity and Guaranty Co. v. Lawrenson, 334 F.2d 464, 467 (4th Cir.1964) (district court is the "best judge of its own rules"), a magistrate's singular interpretation in particular litigation is certainly entitled to some ingoing measure of deference. See 28 U.S.C. Sec. 636(c). Particularly must that be appropriate where, as here, there is no suggestion that the magistrate's interpretation is at odds with that of any other magistrates or judges of the district. At a very minimum, the interpretation is entitled to the ingoing presumption of correctness that attends all trial court rulings and imposes upon appellants in general the burden to persuade reviewing courts of error.
 
 
 9
 As indicated, the magistrate's interpretation was that the phrase "within 20 days of the entry of judgment" had reference to the primary judgment. Moreover, the district court has rejected the contention that since the language of the local rule contemplates an exception where "required by statute," such an exception is necessary because of the need under Sec. 1988 to determine the parties' degree of success.
 
 
 10
 The appellants attempt to bolster their argument for a contrary interpretation on the supposed impracticality of the district court's interpretation. The impracticality point is relatively straightforward and at least superficially plausible: since the apparent purpose of the local rule is to promote orderly resolution of such motions and prevent piecemeal appeals, see White, these purposes would be best served by interpreting "entry of judgment" as contemplating "final judgment," i.e., post-verdict motion ruling in this case. The local rule as interpreted and applied here might require modification of a claim for attorney's fees, or require the district court to consider a motion later rendered moot as a result of post-judgment motions.
 
 
 11
 While superficially plausible, this argument is less compelling upon reflection. In particular, the rule opted for by the appellants would not prevent the "piecemeal appeals" deplored in White; since motions for attorney's fees would not be filed until twenty days after the "final judgment," and not acted on until even later, it might prove difficult to appeal the attorney's fee decision with the final judgment. As the court noted in Hicks: "[h]owever an independent and collateral issue, such as a fee award, is handled, there is some risk of squandered judicial effort." 805 F.2d at 1167. The local rule as applied here facilitates efforts by the district court to rule on the motion at the same time, or at least within thirty days, of its ruling on any post-judgment motions. The only time when the local rule as applied here will cause "piecemeal appeals" is when the ruling on the post-judgment motion affects the success of the parties, and the parties then must file supplemental motions to address the new situation. In short, the district court's interpretation of the local rule is not obviously an impractical one. The utility of the local rule as interpreted by the district court is reinforced by its contemplation of exceptions "ordered by the court." The appellants here never asked for an extension of time. While the local rule leaves unclear just when an extension would be approved by the district court, we assume it will be granted where post-judgment motions are most likely to affect the "success" of the parties as reflected in the initial entry of judgment. This case simply did not present such a situation.
 
 
 12
 In sum, the district court's application of its own "housekeeping rule" is reasonable--both in its interpretation of the language of the local rule and in its vindication of the policies underlying the local rule.[2] The decision of the district court is affirmed.
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 Rule 23A provides in full:
 Local Rule 23A
 Rule 23A
 April 1, 1986
 Rules of U.S. District Court-Maryland
 Rule 23A
 Motion for Attorney's Fees--Time Limit for Filing--
 Contents
 Except as otherwise provided by statute, or Local Rule 23B or ordered by the Court, a motion for attorney's fees claimed by a prevailing party and/or such party's attorney must be filed by said party or attorney within 20 days of the entry of judgment. Any motion for attorney's fees must set forth the nature of the case, the claims as to which the party prevailed, the claims as to which the party did not prevail, a detailed description of the work performed broken down by hours or fractions thereof expended on each task, the attorney's customary fee for such like work, the customary fee for like work prevailing in the attorney's community, a listing of any expenditures for which reimbursement is sought, any additional factors which are required by the case law, and any additional factors that the attorney wishes to bring to the Court's attention. Noncompliance with the time limits established by this Local Rule and by Local Rule 23B shall be deemed a waiver of any claim for attorney's fees. Local Rule 6(A) and 6(G) are applicable.
 
 
 [2]
 Perhaps the most powerful reason for rejecting appellants' proposed interpretation is one not directly addressed by the parties. That interpretation assumes a certainty of meaning for "final judgment" that simply does not exist. "Final judgment" has specialized term-of-art meanings for res judicata and related appealability purposes but it does not serve unaided to identify with precision which of several successive judgments in the course of litigation is being referred to. Consider the quite typical situation of a district court "final" judgment on the merits that is set aside by the district court; followed by a second "final" judgment on the merits that is then entered after re-trial; followed by post-verdict motions that are denied by an order that, though not "final," "finally" concludes that stage of trial court proceedings; followed by an appeal that results in a "final" appellate judgment which remands for new trial; etc. Cf., e.g., Hicks, 805 F.2d at 1167 (suggesting possibility that filing time under Local Rule 23A could be construed to run from date of appellate court mandate)
 In view of the imprecision of the "final judgment" concept for this temporal purpose, the much more plausible reading of the Local Rule's reference to "judgment" in "entry of judgment" is as a reference to the judgment contemplated by Fed.R.Civ.P. 58 in its careful definition of the act of making "entry of judgment," i.e., the judgment entered "upon a general verdict of a jury, or upon a decision of the court, etc."