951 F.2d 1260
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ronald C. TAYLOR, Plaintiff-Appellant, Cross-Appellee,
v.
COORS BIOTECH PRODUCTS COMPANY, Defendant-Appellee, Cross-Appellant.
 Nos. 90-1101, 90-1115.
 United States Court of Appeals, Tenth Circuit.
 Dec. 24, 1991.
 
 Before STEPHEN ANDERSON and BALDOCK, Circuit Judges, and ANDERSON, District Judge.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Defendant-appellee Coors Biotech Products Company terminated plaintiff-appellant Ronald C. Taylor, a black male, from its employ in August 1987. Plaintiff brought this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, and 42 U.S.C. § 1981, claiming disparate treatment and retaliatory discharge. The district court dismissed the § 1981 claim and, after a bench trial, entered judgment in favor of Defendant on the Title VII claims. Plaintiff appeals, contending that the district court applied an incorrect legal standard to the facts under the Title VII claims and that its findings were clearly erroneous.[1] Defendant cross-appeals, contending that the district court erred in failing to award it attorney fees. We affirm the judgment in favor of Defendant and remand for a determination of whether attorney's fees should be awarded.
 
 
 2
 Plaintiff worked as a lab technician for defendant. Shortly before he was discharged, he filed an EEOC complaint, charging that (1) he was the only technician required to keep a daily log of his activities, (2) he was paid a lower wage than similarly situated employees and (3) he had been subjected to a pattern of racial harassment. After the discharge, he filed another EEOC complaint, charging that he was discharged in retaliation for the filing of the prior EEOC complaint. Plaintiff brought all of these claims before the district court.
 
 
 3
 In addressing Plaintiff's claims, the district court found no racial animus or discriminatory motive in the challenged activities of Plaintiff's supervisors. Discriminatory motive is, of course, the critical element of any disparate treatment claim brought under Title VII. See International Brotherhood of Teamsters v. United States, 431 U.S. 324, 335 n. 15 (1977); Bauer v. Bailar, 647 F.2d 1037, 1044 (10th Cir.1981). Regarding the retaliatory discharge claim, the district court found no causal connection between the protected activity, the EEOC filing, and the discharge. This is the correct analysis. See Burrus v. United Telephone Co. of Kansas, Inc., 683 F.2d 339, 343 (10th Cir.), cert. denied, 459 U.S. 1071 (1982). Plaintiff has not directed us to error in the district court's legal analysis, and we find none.
 
 
 4
 Turning to the findings, we note that the district court simply did not believe Plaintiff's testimony. In fact, the district court specifically found that a substantial portion of Plaintiff's testimony was fabricated. VI R. 25. In reviewing the findings, it is not our function to weigh the credibility of the witnesses. Thompson v. Rockwell International Corp., 811 F.2d 1345, 1350-51 (10th Cir.1987) (citing Anderson v. City of Bessemer City, 470 U.S. 564, 573, 575-76 (1985)). Instead, we review only for clear error. Id. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948). Upon examining the entire record, we find no clear error in the district court's findings.
 
 
 5
 Given the district court's finding that much of Plaintiff's testimony was fabricated, Defendant cross-appeals, arguing that the district court should have awarded it reasonable attorney's fees. Pursuant to 42 U.S.C. § 2000e-5(k),[2] a district court may award reasonable attorney's fees to a prevailing defendant if it finds that the plaintiff's "claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421-22 (1978). In this case, it is clear that the district court thought that the action was frivolous. Nevertheless, the court denied attorney's fees.
 
 
 6
 We review the district court's attorney's fees determination for an abuse of discretion, but we review de novo the legal standard which informed the court's discretion. See Supre v. Ricketts, 792 F.2d 958, 961 (10th Cir.1986) (citing 5A J. Moore and J. Lucas, Moore's Federal Practice § 52.03 (1985)). Exercising de novo review, we find error in the district court's legal analysis, for the court misapprehended its authority to award attorney's fees based on a credibility determination.[3] District courts are to "resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Christiansburg, 434 U.S. at 421-22. However, this admonition is merely cautionary and in no way precludes a district court from concluding that an action is "frivolous, unreasonable, or groundless" after hearing the merits of the case. Many courts have granted attorney's fees to prevailing defendants after hearing the merits of the plaintiffs' cases. See Blue v. United States Department of the Army, 914 F.2d 525, 535 (4th Cir.1990) (citing Lewis v. Brown & Root, Inc., 711 F.2d 1287 (5th Cir.1983); Coleman v. General Motors Corp., 667 F.2d 704 (8th Cir.1981); Carrion v. Yeshiva University, 535 F.2d 722 (2d Cir.1976)), cert. denied, 111 S.Ct. 1580 (1991). See also Introcaso v. Cunningham, 857 F.2d 965, 967 (4th Cir.1988) (In the § 1988 context, "[a]lthough in some instances a frivolous case will be quickly revealed as such, it may sometimes be necessary for defendants to 'blow away the smoke screens the plaintiffs had thrown up' before the defendants may prevail.") (quoting Hicks v. Southern Maryland Health Systems Agency, 805 F.2d 1165, 1167-68 (4th Cir.1986)).
 
 
 7
 The district court seemed to base its determination on the possible "chilling effect on future plaintiffs," see supra note 3, but the very purpose of awarding prevailing defendants attorney's fees is to deter or chill frivolous litigation. See Christiansburg, 434 U.S. at 420 ("[W]hile Congress wanted to clear the way for suits to be brought under the Act, it also wanted to protect defendants from burdensome litigation having no legal or factual basis."). In this case, the court specifically found that much of plaintiff's testimony was fabricated. This, to us, is close to a finding that the action was brought in bad faith, and bad faith provides "an even stronger basis for charging [plaintiff] with the attorney's fees incurred by the defense." Id. at 422. Even so, the ultimate determination of whether to grant attorney's fees rests in the discretion of the district court. We remand for a determination of whether to grant attorney's fees in accordance with the proper legal standard as set forth in Christiansburg.[4]
 
 
 8
 AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
 
 
 
 *
 The Honorable Aldon J. Anderson, Senior United States District Judge, District of Utah, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Plaintiff conceded at oral argument that the district court properly dismissed the 42 U.S.C. § 1981 claim. See Patterson v. McLean Credit Union, 491 U.S. 164, 176 (1989) (§ 1981 action limited to "discrimination in the 'mak[ing] and enforce[ment]' of contracts alone."); Trujillo v. Grand Junction Regional Center, 928 F.2d 973, 975-76 (10th Cir.1991) (§ 1981 not applicable to discriminatory discharge)
 
 
 [2]
 The statute provides:
 In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.
 42 U.S.C. § 2000e-5(k).
 
 
 [3]
 The court stated:
 Defendant has requested attorneys fees, and actually that, to me, is probably the most troublesome issue in the case. If you believe the plaintiff, a prima facie case was made. And ordinarily, if we weren't in a Title VII case discussing these various burdens of going forward and at what point those burdens of going forward with evidence shift, I would take the allegations of the complaint and the evidence in favor of plaintiff to be true, and I would deny a motion at the conclusion of the plaintiff's evidence.
 In this case, I'm not sure what McDonnell Douglas and the cases subsequent to that say about the evaluation of credibility at the conclusion of the plaintiff's case, because those cases all arose on motions to dismiss where credibility was simply not an issue. So I don't think there's much real governing authority because I don't know at what point we look to determine whether an action is frivolous. If we look at all the evidence in support of the plaintiff, including the plaintiff's testimony, then the action clearly wasn't frivolous because if you believe the plaintiff and you believe all of his assertions concerning what happened and concerning the racial slurs that were made, then I think you could conclude that race was a factor here.
 In order to find the action frivolous then and to award attorneys fees, I think what I have to do is find that the case was fabricated, and that's bothersome to me because I disbelieve the plaintiff here in many important particulars and I also believe that what we have here is testimony that came in not because of an error in memory or not because of faulty memory, I believe what we have here is testimony that was made up.
 The problem that I have with awarding attorneys fees on testimony like that is that I think it would have a chilling effect on future plaintiffs in civil rights litigation if there were the prospect that a court could disbelieve their testimony, find that the testimony was made up, and award attorneys fees against them. I certainly want to do everything possible to discourage frivolous litigation. On the other hand, particularly where we're dealing with important rights that are vindicated by Title VII, I don't think that I ought to be in the position of chilling the right of access to the court by awarding attorneys fees.
 So I'm not going to award attorneys fees in this case. And in so doing, I'll do that in spite of a specific finding that a substantial portion of plaintiff's testimony was fabricated.
 VI R. 23-25.
 
 
 [4]
 Defendant has also requested attorney's fees and costs for this appeal in accordance with Fed.R.App.P. 38. We do not consider this case appropriate for such an award