Carmen **FORCUCCI**, Theresa Forcucci, Plaintiffs,

v.

**UNITED STATES FIDELITY AND GUARANTY COMPANY,** Defendant.

**Civ. A. No. 90–13034–ADM.**

United States District Court, D. Massachusetts.

Feb. 28, 1994.

Mark D. Shuman, Boston, MA, for plaintiffs.

Mark P. Bailey, Nancy Regan, Ralph C. Sullivan, Morrison, Mahoney & Miller, Boston, MA, for defendant.

*MEMORANDUM AND ORDER ON DEFENDANT'S MOTION FOR COSTS AND ATTORNEYS' FEES PURSUANT TO RULE 11 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND 28 U.S.C. § 1927 (# 46)*

COLLINGS, United States Magistrate Judge.

The defendant United States Fidelity & Guaranty Company (hereinafter "USF & G") has filed a post-appeal motion seeking to have its attorneys' fees and excess costs incurred in defending certain of the plaintiffs' claims assessed against Carmen and Theresa Forcucci (hereinafter "the Forcuccis") and their attorney, Mark D. Shuman, Esquire, as sanctions pursuant to Rule 11, Fed.R.Civ.P., and 28 U.S.C. § 1927. The plaintiffs oppose the motion on several grounds.

An interesting question of law is raised by USF & G's motion which to date, from all appearances, has not been squarely addressed by the First Circuit: Does the district court have jurisdiction to entertain a Rule 11 motion after summary judgment has been granted, affirmed on appeal and mandate has issued? A review of caselaw reveals that courts are split on this question.

The Seventh Circuit, while acknowledging that certain exceptions exist to the general rule that perfection of an appeal divests the district court of jurisdiction over a case, has expressed the view that "these exceptions only apply to motions filed with the district court while the appeal on the merits is pending." *Overnite Transportation Co. v. Chicago Industrial Tire Co.*, 697 F.2d 789, 792 (7 Cir., 1983). The Court reasoned that once the mandate of the court of appeals has been docketed, however, absent a reservation of jurisdiction by statute or otherwise, no case or controversy between the parties is extant and the district court would have no jurisdiction over later filed motions. *Id.* The Court further held that because the defendant's motion for the recovery of attorneys' fees and expenses under 28 U.S.C. § 1927 was not filed until two months after the court of appeals had affirmed the district court's dismissal, the motion was not filed "within a reasonable time." *Id.* at p. 793–4; *accord, Duane Smelser Roofing Company v. Armm Consultants, Inc.*, 609 F.Supp. 823, 824 (E.D.Mich., 1985) (Rule 11 motion filed two months after court of appeals affirmed district court's grant of summary judgment was untimely.)

In the case of *Hicks v. Southern Maryland Health Systems Agency*, 805 F.2d 1165 (4 Cir., 1986), the Fourth Circuit affirmed a district court's allowance of a motion for fees based upon Fed.R.Civ.P. 11, 28 U.S.C. § 1927, 42 U.S.C. § 1988 and 42 U.S.C. § 2000e–5(k) filed subsequent to the grant of summary judgment for all defendants having been upheld on appeal. After noting that the Supreme Court had concluded that a district court had post-appeal jurisdiction to make a fee award under 28 U.S.C. § 1988 in the case of *White v. New Hampshire Department of Employment Security*, 455 U.S. 445, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982), the Fourth Circuit determined that the same "reasoning applies as well to awards under Rule 11 and other statutes." *Id.* at p. 1166. In short, the Court wrote:

> The Supreme Court seems to have held in *White* that the district court has jurisdiction to consider and grant a motion for the allowance of fees, though made several months after the conclusion of all appellate proceedings. In the absence of an applicable local rule in the district court, the only time limitation arises out of those equitable considerations that a district judge may weigh in his discretion.

*Hicks v. Southern Maryland Health Systems Agency, supra,* 805 F.2d at 1167.

The Third Circuit is in accord with the Fourth Circuit, having found that "the rationale of *White [v. New Hampshire Department of Employment Security]* governs post-

appeal Rule 11 filings" in that such a motion is collateral to an appeal on the merits. *Mary Ann Pensiero, Inc. v. Lingle*, 847 F.2d 90, 98 (3rd Cir., 1988). Thus it was determined that the district court did have jurisdiction to consider a Rule 11 motion while an appeal from the entry of summary judgment was pending. *Id.* at pp. 97–8.[1] The Court nevertheless indicated its concern with respect to the timeliness of Rule 11 filings. Distinguishing statutory fee petitions from Rule 11 sanctions, the Court explained:

> If a party's action is "abusive" as contemplated by Rule 11, the adversary should be able to realize immediately that an offense has occurred. Seldom should it be necessary to wait for the district court or the court of appeals to rule on the merits of an underlying question of law. If there is doubt how the district court will rule on the challenged pleading or motion, the filing of the paper is unlikely to have violated Rule 11.

*Mary Ann Pensiero, Inc. v. Lingle, supra,* 847 F.2d at 99.

In order to encourage prompt action in seeking sanctions, the Third Circuit adopted a rule requiring Rule 11 motions to be filed before the entry of final judgment in the district court. *Id.* at p. 100.

The First Circuit has determined that the district court has jurisdiction to consider Rule 11 motions, for example, after the dismissal of a removal petition, *Unanue–Casal v. Unanue–Casal,* 898 F.2d 839 (1 Cir., 1990) and after a voluntary dismissal pursuant to Rule 41, Fed.R.Civ.P., *Muthig v. Brant Point Nantucket, Inc.,* 838 F.2d 600 (1 Cir., 1988). Although the jurisdictional question was not raised, the First Circuit has reviewed a district court's imposition of sanctions after summary judgment had been granted, *Sweeney v. Resolution Trust Corporation,* 16 F.3d 1 (1 Cir., 1994), and after the case had been dismissed by the Court, *Mariani v. Doctors Associates, Inc.,* 983 F.2d 5 (1 Cir., 1993), *Figueroa–Ruiz v. Alegria,* 905

F.2d 545 (1 Cir., 1990). Whether the Court would extend by analogy the reasoning of these cases to the specific factual circumstances at hand is unclear.

Given the broad language in these decisions, a plausible argument surely could be advanced that such an extension would be warranted. For instance, the First Circuit has written:

> Normally, even after a federal district court determines that it lacks jurisdiction of a case, it retains jurisdiction to consider whether its process was abused during the course of that determination.

*Unanue–Casal v. Unanue–Casal, supra,* 898 F.2d at 841 (citations omitted). Moreover, the First Circuit has quoted the Supreme Court to the effect that

> Like the imposition of costs, attorney's fees, and contempt sanctions, the imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate. Such a determination may be made after the principal suit has been terminated.

*Metro Corps, Inc. v. Eastern Massachusetts Junior Drum & Bugle Corps Association,* 912 F.2d 1, 2 (1 Cir., 1990) quoting *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 396, 110 S.Ct. 2447, 2456, 110 L.Ed.2d 359 (1990).

By the same token, there is an equally plausible argument that the Court would find the district court lacking jurisdiction. The First Circuit has cited the *Duane Smelser Roofing Co.* and *Overnite Transportation Co.* decisions in support of the proposition that "a party should make a Rule 11 motion within a reasonable time." *Muthig v. Brant Point Nantucket, Inc., supra,* 838 F.2d at 604. More recently, the Court has indicated, albeit indirectly in a footnote, that a Rule 11 motion is not considered to be the equivalent of a statutory fee provision[2], at least in terms of the relevant local rule of the district court.[3]

---

1. The Court did not consider the fact that mandate had yet to be issued to be dispositive.

2. This appears to be at odds with the view of the Third Circuit.

3. District Court Local Rule 54.3 provides, in pertinent part:

> In cases where the law makes provision for the award of attorneys' fees, application for such fees must be made by the filing of a motion within thirty (30) days after entry of the judgment, or after remand if the decision of

*Sweeney v. Resolution Trust Corporation, supra,* 16 F.3d at 6, footnote 13.

In any event, assuming arguendo that this Court has jurisdiction to decide USF & G's motion, based on all the facts and circumstances of this case, the request for costs and attorneys' fees was not filed within a "reasonable time" and is, therefore, untimely.

The defendant's motion focuses solely on the prosecution of the intentional infliction of emotional distress claims set forth in Counts III and IV of the plaintiffs' complaint. It is argued that, not only did the Forcuccis fail to allege all the elements of the causes of action in their complaint, in light of the unequivocal caselaw stating the standard of conduct required to prevail on such claims under Massachusetts law, it was obvious from the outset that the intentional infliction of emotional distress claims were doomed, or worse, frivolous. To the extent that there was some question, USF & G contends that as of the date of my Report and Recommendation, December 31, 1992, the plaintiffs were plainly on notice that the claims were baseless. In the defendant's view, Judge Mazzone's summary adoption of my recommendation to grant summary judgment on Counts II and IV served to underscore the lack of merit in these claims.[4]

The facts of this case were simple and undisputed. The law, at least with respect to the claims here at issue, was not complex, but rather straight-forward and relatively long-standing. In exercising my discretion, I find that it is equitable to hold the defendant to the same standard it seeks to impose on the plaintiffs. If the frivolity of the plaintiffs' claim for intentional infliction of emotional distress was so undeniable at least by December 31, 1992, a motion for sanctions should have been filed at that time. To forestall the submission of a Rule 11 motion in these circumstances not only during the pendency of the appeal, i.e., approximately eight months, but until twenty-nine days after mandate issued, is unreasonable. *See,* e.g., *Stevens v. Lawyers Mutual Liability Insurance Company of North Carolina,* 789 F.2d 1056, 1061 (4 Cir., 1986); *Kaplan v. Karras,* 130 F.R.D. 661, 663 (N.D.Ill., 1990).

For the reasons stated, it is ORDERED that the Defendant's Motion for Costs and Attorneys' Fees Pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927 (# 46) be, and the same hereby is, DENIED.

---

the court of appeals affects the award of fees, unless a statute provides otherwise.

The First Circuit noted that this local rule is inapplicable to a motion for sanctions under Rule 11.

4. It is true that the Court of Appeals similarly rejected these claims in short order. However, "... Rule 11 does not authorize a district court to award attorney's fees incurred on appeal ..." *Cooter & Gell v. Hartmarx Corporation,* 496 U.S. 384, 405–9, 110 S.Ct. 2447, 2460–63, 110 L.Ed.2d 359 (1990). There appears to be a split among courts as to whether a district court has the authority to impose sanctions under 28 U.S.C. § 1927 for actions taken in the appellate court, with more recent decisions ruling in the negative. *See, e.g., Morris v. Peterson,* 871 F.2d 948, 951 (10 Cir., 1989) (The "basic rule is that the determination of the right to sanctions against counsel for conduct during an appeal is reserved to the appellate court, although it may allow the trial court to fix the amount of the fees and costs."); but compare, e.g., *U.S. v. Blodgett,* 709 F.2d 608, 610 (9 Cir., 1983) ("'[W]e conclude that the district court had the power to sanction counsel for filing a frivolous appeal in bad faith, and that filing solely for purposes of delay constitutes bad faith"). In any event, it is clear that the First Circuit was empowered to sanction plaintiffs' attorney pursuant to 28 U.S.C. § 1927 had the Court determined that "'[b]y bringing this appeal, the plaintiffs' attorney has again unreasonably and vexatiously multiplied the proceedings." *Cruz v. Savage,* 896 F.2d 626, 635 (1 Cir., 1990).