Rhetta B. SWEENEY, et al.,
Plaintiffs, Appellants,

v.

RESOLUTION TRUST CORPORATION,
et al., Defendants, Appellees.

Nos. 93–1427, 93–1613.

United States Court of Appeals,
First Circuit.

Submitted Nov. 15, 1993.

Decided Jan. 31, 1994.

Rhetta B. Sweeney, on brief pro se.

Paul R. Gupta, Joseph F. Shea and Nutter, McClennen & Fish, Boston, MA, on brief for appellees.

Before BREYER, Chief Judge, SELYA and CYR, Circuit Judges.

PER CURIAM.

Appellants Rhetta Sweeney, individually and as trustee of the Maple Leaf Realty Trust and of the Canadian Realty Trust, and John Sweeney [the Sweeneys] appeal the final judgment entered by the United States District Court of the District of Massachusetts for appellees Resolution Trust Corporation [RTC], in its capacity as receiver of ComFed Savings Bank, ComFed Mortgage Company, Inc. and Comfed Advisory Compa-

ny, Inc. [collectively "ComFed"], and Dennis Furey, an employee of ComFed Mortgage Company, Inc. The Sweeneys also appeal the district court award to the RTC of attorneys' fees incurred in responding to what the court found a frivolous motion to remand. We affirm.

## Background

In 1987, the Sweeneys borrowed $1,600,000 from ComFed for construction of single family homes and other work on their property in Hamilton, Massachusetts. The obligation is evidenced by a promissory note, a loan agreement and a construction loan agreement, all dated August 27, 1988. The Sweeneys allege that ComFed also agreed to an additional $900,000 in construction financing. ComFed denies that it made any agreement as to a further loan. The Sweeneys defaulted on the note and, in November 1988, ComFed initiated foreclosure proceedings.

In April 1989, the Sweeneys filed a nine count complaint in Middlesex Superior Court asserting various lender liability claims against ComFed and Furey. ComFed filed a counterclaim seeking a determination of the Sweeney's liability to ComFed under the terms of the $1,600,000 note on which the Sweeneys had allegedly defaulted. In October 1989, the superior court issued an injunction barring ComFed from foreclosing on the Sweeney's mortgaged property.

In March 1990, after a twelve day trial, a superior court jury returned a special verdict awarding ComFed $2,069,586.33 for the Sweeneys' breach of the note, and Rhetta Sweeney $65,000 for intentional infliction of emotional distress. The court reserved to itself judgment on two counts: ComFed's alleged violation of Mass.Gen.L. ch. 93A and the claim for specific performance of an alleged agreement by ComFed to a partial release of the mortgage.

On December 13, 1990, the RTC was appointed conservator of Comfed and, on January 11, 1991, removed the case to the United States District Court for the District of Massachusetts.[1] No judgment had yet been en-

---

1. On January 31, 1991, the RTC was appointed receiver of ComFed and conservator of ComFed, F.A. On September 13, 1991, the RTC was appointed receiver of ComFed, F.A. The RTC as

tered on the two counts tried to the superior court. However, on January 30, 1991, the superior court purported to enter judgment on those two counts. The court purported to find for the Sweeneys on their chapter 93A claim in the amount of $2,998,931.44, plus interest and costs, and attorneys' fees of $97,704. No copies or notices of this opinion were mailed to the parties by the court clerk.

On January 31, 1991, counsel for the RTC learned of the purported opinion when he went to the Middlesex Superior Court Clerk's office to transport the record to the federal district court.[2] Believing the opinion to be a nullity, counsel contacted the Massachusetts Attorney General's Office to urge that the opinion be withdrawn. The superior court refused to do so and instead released the opinion to the Sweeneys on February 25, 1991. Counsel for the RTC then filed the opinion with the district court under seal and moved to expunge it from the record. On March 1, the Sweeneys filed a motion to remand the case to the superior court on the ground that the district court lacked jurisdiction.

After a series of evidentiary hearings, the district court determined that the case had been removed on January 11, 1991 and found that the Sweeneys' objection, which was in the court's view an objection to venue not jurisdiction, was untimely. On January 9, 1992, the RTC moved that the district court enter the superior court jury verdict in its entirety and grant the RTC summary judgment on the two counts which had been tried to the superior court. On April 14, 1992, the

district court entered the jury verdict and granted summary judgment to the RTC. On April 27, 1992, the court vacated the superior court injunction. Final judgment was entered on February 9, 1993. On February 13, 1993, Rhetta Sweeney, purporting to act on behalf of all the plaintiffs, filed a third motion to remand the case to the superior court. Finding that the motion made no new factual or legal argument, the district court allowed the RTC's request, pursuant to Fed.R.Civ.P. 11, for attorneys' fees incurred in responding to this motion. The Sweeneys now appeal both the final order of the court and the grant to the RTC of attorneys' fees.

## Discussion

The Sweeneys contend first that the district court erred in denying their motion to have the case remanded to the superior court. According to appellants, removal to the United States District Court for the District of Massachusetts was improper since 12 U.S.C. § 1441a($l$)(3) allows for removal only to the United States District Court for the District of Columbia.[3] Construing this as an objection to venue, the district court denied the motion on the ground that it had been filed more than thirty days after removal. *See* 28 U.S.C. § 1447(c). The Sweeneys argue that this period should have been tolled because of the RTC's "bad faith" in withholding from them a copy of the superior court's purported judgment, the existence of which the Sweeneys discovered only on February 25, 1991.[4]

---

2. Testimony was presented before the district court that this was in conformity with Middlesex Court practice.

3. At the time of appellants' motion, § 1441a($l$)(3) provided that venue was proper in:
    the United States District Court for the District of Columbia, or if the action, suit, or proceeding arises out of the actions of the Corporation with respect to an institution for which a conservator or a receiver has been appointed, the United States district court for the district where the institution's principal business is located.

receiver of ComFed retains the liabilities in this case while the RTC as receiver of ComFed, S.A. retains the assets. "RTC" as used in this opinion refers to the RTC in both its roles.

Since this suit did not arise "out of the actions of the Corporation," venue was proper only in the United States District Court for the District of Columbia. Section 1441a($l$)(3) was amended effective February 1, 1992. Under the amended section, venue would be proper in Massachusetts. We express no opinion as to whether this amendment should be applied retroactively.

4. The Sweeneys appear to concede that 12 U.S.C. § 1441a($l$)(3) is a venue not a jurisdictional statute. *See In re 5300 Memorial Investors, Ltd.*, 973 F.2d 1160, 1163 (5th Cir.1992) (federal courts "consistently have construed the former provision in section 1441a($l$)(3) ... as concerning solely venue and not jurisdiction"). The district court had jurisdiction over this action pursuant to 12 U.S.C. § 1441a($l$)(1).

■ Even if we grant *arguendo* that venue in the United States District Court for the District of Massachusetts was improper pursuant to § 1441a(*l*)(3) and that appellants' motion is subject to equitable tolling, we still find no error in the district court's denial of appellants' motion to remand. 28 U.S.C. § 1441(a) provides that

> [e]xcept as otherwise *expressly* provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed ... to the district court of the United States for the district and division embracing the place where such action is pending. (emphasis added)

Since nothing in 12 U.S.C. § 1441a(*l*)(3) expressly limits venue, the general venue provision of 28 U.S.C. § 1441(a) is applicable to this case. *See Hellon & Assoc., Inc. v. Phoenix Resort Corp.,* 958 F.2d 295, 298 (9th Cir.1992) (removal proper under § 1441(a) since "[n]othing in the statutory language provides that RTC is limited to the specific removal provision found in section 1441a(*l*)(3)"); *Resolution Trust Corp. v. Lightfoot,* 938 F.2d 65, 68 (7th Cir.1991) (finding removal provision of 12 U.S.C. § 1441a(*l*)(3) "to supplement, rather than to replace, those of § 1441(a)"). Given that the RTC removed this case to the district court of the United States where the action was pending, venue was proper pursuant to 28 U.S.C. § 1441(a) and appellants' motion to remand was properly denied.

■ The Sweeneys next contend that the district court erred in not entering the purported judgment of the superior court in their favor. However, the district court supportably found that this case had been removed to the federal court on January 11, 1991. "At that point, the jurisdiction of the state court 'absolutely ceased, and that of the [federal court] immediately attached,'" *Hyde Park Partners, L.P. v. Connolly,* 839 F.2d 837, 841 (1st Cir.1988) (quoting *Steamship Co. v. Tugman,* 106 U.S. (16 Otto) 118, 122, 27 L.Ed. 87 (1882)), and the state court was

under an obligation to "proceed no further unless and until the case [wa]s remanded," 28 U.S.C. § 1446(e); *see also Tugman,* 106 U.S. (16 Otto) at 122 (once case removed, state court had "duty ... to proceed no further"). Consequently, the purported judgment of the state court was "void *ab initio*," *Hyde Park Partners,* 839 F.2d at 842, and the district court committed no error in refusing to enter judgment in accord with it.

■ The Sweeneys' third contention is that the district court improperly granted summary judgment to the RTC on the Sweeneys' claim under chapter 93A § 2(a).[5] Appellants argue that the district court erred when it found that their claim relied on alleged promises not in writing and hence was barred by the doctrine enunciated in *D'Oench, Duhme & Co. v. Federal Deposit Ins. Corp.,* 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942) and codified at 12 U.S.C. § 1823(e).

The Sweeneys' principal claim under chapter 93A is that the closing loan documents were "misleading, oppressive, and unconscionable" in that they led the Sweeneys to understand that ComFed would provide them with construction financing in addition to the $1,600,000 loan actually provided. According to appellants, ComFed knew that without the additional financing the Sweeneys would be forced to default on the original agreement, as in fact happened.

The *D'Oench* doctrine applies to the RTC when it acts, as in the instant case, in its capacity as receiver, *see* 12 U.S.C. § 1441a(b)(4)(A), and extends to the financial interests of any wholly owned subsidiaries of a failed institution, *see Oliver v. Resolution Trust Corp.,* 955 F.2d 583, 585–86 (8th Cir. 1992) (citing cases).[6] It bars affirmative claims, whether sounding in contract or tort, when they are premised on an unwritten agreement. *Timberland Design, Inc. v. First Service Bank for Sav.,* 932 F.2d 46, 50 (1st Cir.1991) (citing cases). To satisfy the strictures of *D'Oench* and § 1823(e) appellants must show an agreement in writing to

---

5. Mass.Gen.L. c. 93A § 2 protects against "unfair or deceptive acts or practices in the conduct of any trade or commerce."

6. Furey is not a defendant in the chapter 93A claim.

provide the additional loans. The mere fact that the appellants relied in good faith on an unwritten agreement is not enough. *Federal Deposit Ins. Corp. v. Caporale,* 931 F.2d 1, 2 (1st Cir.1991).

In the instant case, the Sweeneys have identified no written provision of any loan document which explicitly states that such additional financing would be forthcoming. Rather, they claim that they "reasonably understood" ComFed to have committed itself to such financing based on the language of the agreements. Yet, the only provisions which they cite in support of this position are far too ambiguous, absent extraneous support, to establish an agreement to fund further construction.[7] At most, they reflect an intention to provide further funds. However, they are insufficient to establish an obligation on the part of ComFed which would meet the requirements of *D'Oench. See, e.g., Federal Sav. & Loan Ins. Corp. v. Two Rivers Assoc., Inc.,* 880 F.2d 1267, 1276 (11th Cir.1989) (requirements of *D'Oench* not met where written provisions reflect only intent to loan additional funds but not obligation to do so); *Beighley v. Federal Deposit Ins. Corp.,* 868 F.2d 776, 783 (5th Cir.1989) (even though one might derive inference from documents that bank would cooperate in attempt to sell property, requirements of § 1823(e) not met since "not a single document states in writing" that bank agreed to finance buyer).

■ The Sweeneys also seek to base their chapter 93A claim on ComFed's alleged violation of 12 C.F.R. § 545.32. This provision requires, in relevant part, that a federal savings association may not make a real estate loan if the loan "exceed[s] the applicable maximum loan-to-value ratio limitations prescribed [by the association's board of directors]." 12 C.F.R. § 545.32(d)(4). According to appellants, the $1,600,000 loan they received was more than the 75% loan to value ratio established by the Board of Directors of ComFed.[8]

Even if the loan granted the Sweeneys violated ComFed's own limitation, and hence 12 C.F.R. § 545.32, we are aware of no authority which would indicate that this violation would be, as appellants assert, a *"per se* violation" of chapter 93A. While violations of certain federal consumer protection statutes may come within the purview of chapter 93A § 2,[9] 12 C.F.R. § 545.32 is not a consumer protection statute but a "means of protecting insured depositors, the [FDIC] fund, and ultimately federal taxpayers." *Saratoga Sav. & Loan Ass'n. v. Federal Home Loan Bank Bd.,* 879 F.2d 689, 693 (9th Cir.1989). We are aware of no authority supporting the claim that an alleged violation of § 545.32 suffices to state a cause of action under chapter 93A. The district court did not err in granting the RTC summary judgment on the chapter 93A claim.[10]

■ The Sweeneys also assert that, if the case is not remanded, they are entitled to a new trial in federal court on the claims decided by the jury in the state action and entered by the federal district court after removal.

---

7. The Sweeneys rely (1) on a clause of the loan agreement which requires them to pay a "1% nonuse fee in the event COMFED does not finance the development and construction of the 7 plus/minus additional lots;" (2) on a clause in the construction loan agreement which states that the "Lender shall no[] longer be bound by this Agreement ... if said building or buildings and improvements shall not be completed on or before twelve (12) months from the date hereof, but Lender may advance payments but shall not be bound to do so after the date for said completion;" and (3) on a clause in the construction loan agreement which gave ComFed "the right to withhold 10% of the final advance until forty-three (43) days ... after the full completion of the construction." Neither the references to possible future financing nor the references to the project's completion establish an obligation on the part of ComFed to fund the entire project.

8. The property was appraised at $1,960,000.

9. According to Mass.Regs.Code tit. 940, § 3.16.4:

   an act or practice is a violation of M.G.L. c. 93A, § 2 if ... [i]t violates the Federal Trade Commission Act, the Federal Consumer Protection Act or other federal consumer protection statutes within the purview of M.G.L. c. 93A, § 2.

10. Since the Sweeneys make only passing reference to the grant of summary judgment on their claim for specific performance, any objection to this judgment has been waived. *See Ryan v. Royal Ins. Co.,* 916 F.2d 731, 734 (1st Cir.1990) (issue referred to in perfunctory manner on appeal and without developed argumentation deemed waived).

The district court, relying on Fed.R.Civ.P. 63, entered judgment on all the claims which had been tried to the jury in the state court action.[11] The Sweeneys do not contend that the district court was without authority to so enter the judgment. Instead they assert that they suffered prejudice from the entry of the verdict. *See* Fed.R.Civ.P. 63. They argue that they were prejudiced first because the jury verdict was clearly against the weight of the evidence. The Sweeneys also contend that the entry of the verdict prejudiced them because the parties had agreed, prior to the superior court trial, that the jury claims and those presented to the court would be tried on the same set of facts simultaneously. Therefore, the district court should either have entered both the jury verdict and the state court judgment or granted a new trial on all counts.

We find no prejudice from the court's entry of the jury verdicts. As to the first argument, the Sweeneys are entitled to have the jury verdict set aside only if they demonstrate that the verdict was a "manifest miscarriage of justice."[12] *Milone v. Moceri Family, Inc.*, 847 F.3d 35, 37 (1st Cir.1988) (citing cases). The Sweeneys have failed to meet this exacting standard. As to the second, the jury reached its verdict after hearing the facts presented at trial; summary judgment was granted by the district court to the RTC as a matter of law and on the basis of federal defenses which arose only after the trial. In such circumstances, appellants suffered no prejudice from the failure to try both sets of claims simultaneously to the judge and jury.

The remaining substantive claims raised by the Sweeneys merit only brief responses. Since the opinion issued by the superior court on January 31, 1991, was void *ab initio*, there is no basis for entering it *nunc pro tunc*. For the same reason, that opinion cannot affect the propriety of the district court's entrance of the jury verdict.

■ The RTC did not engage in impermissible forum shopping in removing this action to the federal court. 12 U.S.C. § 1441a(*l*)(3)(A) allows the RTC to remove an action brought against it in its capacity as receiver even while a state appeal is pending. *Resolution Trust Corp. v. Nernberg*, 3 F.3d 62, 68 (3d Cir.1993); *Lester v. Resolution Trust Corp.*, 994 F.2d 1247, 1251–52 (7th Cir.1993); *In re 5300 Memorial Investors, Ltd.*, 973 F.2d 1160, 1162 (5th Cir.1992); *see also, Federal Deposit Ins. Corp. v. Keating*, 12 F.3d 314, 316 (1st Cir.1993) (12 U.S.C. § 1819(b)(2), the removal statute for the Federal Deposit Insurance Corporation, identical in relevant part to the RTC removal provision, allows removal while state appeal is pending).

The Sweeneys have failed to make a showing that they have discovered new evidence relating to the issues tried to the superior court jury which would be "of such nature that it would probably change the result if a new trial is granted." *Nickerson v. G.D. Searle and Co.*, 900 F.2d 412, 417 (1st Cir. 1990). The only evidence they have adduced does not appear related to actions which form the basis of their complaint.

The Sweeneys' request for an injunction preventing the RTC from foreclosing on the real property securing their $1.6 million dollar note is barred by 12 U.S.C. § 1821(j). *See Telematics Int'l, Inc. v. NEMLC Leasing Corp.*, 967 F.2d 703, 707 (1st Cir.1992).

None of the other contentions raised by the Sweeneys as to the disposition of their claims possesses any merit.

■ Finally, the Sweeneys appeal the grant by the district court, pursuant to Fed. R.Civ.P. 11, of the RTC's request for attorneys' fees incurred in responding to appellants' third motion to remand the case to the

---

11. Rule 63 provides, in relevant part, that:

    If a trial or hearing has been commenced and the judge is unable to proceed, any other judge may proceed with it upon certifying familiarity with the record and determining that the proceedings in the case may be completed without prejudice to the parties.

12. The Sweeneys moved for a new trial in the state court on the ground that the jury verdict was against the weight of the evidence. This motion was not acted upon before removal and, therefore, was arguably pending before the district court. The district court, however, made no ruling on the motion.

superior court. The district court previously denied two almost identical motions and had made detailed findings of fact as to both the date of the removal and the RTC's right to remove. The court did not abuse its discretion in imposing sanctions for this repetitive motion. *See Mariani v. Doctors Assoc., Inc.,* 983 F.2d 5, 7–8 (1st Cir.1993) (affirming imposition of Rule 11 sanction for filing of second motion which "consisted of virtually *verbatim* argumentation" from a prior motion on which appellants had not prevailed).[13]

The judgment of the district court is *affirmed.* The grant of attorneys' fees to the RTC pursuant to Fed.R.Civ.P. 11 is *affirmed.*

---

**13.** Local Rule 54.3 is inapplicable since this is not a "case[] where the law makes provision for the award of attorneys' fees" but one in which attorneys' fees were imposed as a sanction under Fed.R.Civ.P. 11.