# United States Court of Appeals

## For the First Circuit

No. 99-2207

UNITED STATES OF AMERICA,

Appellee,

v.

JOHN SWEENEY, JR.,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Robert E. Keeton, U.S. District Judge]

Before

Torruella, Chief Judge,

Selya and Boudin, Circuit Judges.

Joseph Waldbaum on brief for appellant.
Donald K. Stern, United States Attorney, and Alex Whiting,
Assistant United States Attorney, on brief for appellee.

September 28, 2000

**Per Curiam.** Following a bench trial, the district court found defendant-appellant John Sweeney, Jr., guilty on one count of criminal contempt of a court order. See United States v. Sweeney, 52 F. Supp. 2d 164 (D. Mass. 1999). Sweeney now appeals, complaining that the government charged and tried him pursuant to 18 U.S.C. § 401(3) rather than 18 U.S.C. § 402 in order to deny him a trial by jury,[1] and that this charging decision abridged his constitutional rights. See, e.g., United States v. Pyle, 518 F. Supp. 139, 145-46 (E.D. Pa. 1981) (holding that defendants who were charged under section 401, but who could have been charged under section 402, were denied their constitutional right to trial by jury), aff'd without opinion, 722 F.2d 736 (3d Cir. 1983). Since Sweeney did not raise this claim squarely in the lower court, our review is limited to plain error. See United States v. Slade, 980 F.2d 27, 30-31 (1st Cir. 1992) (holding that a single reference, without elaboration, was insufficient to preserve a claim for appellate review). We discern none. Consequently, we affirm the judgment of conviction.

Sweeney's difficulties arose when the Resolution Trust Corporation (RTC), as successor in interest to a failed state-

_____

[1]Both statutes provide for punishment for contempt of a court order, but only section 402 provides for trial by jury.

chartered bank, successfully prosecuted a foreclosure proceeding involving Sweeney's properties. See Sweeney v. RTC, 16 F.3d 1, 3 (1st Cir. 1994). The RTC, succeeded in due course by the Federal Deposit Insurance Corporation (FDIC), initiated an action for possession, and the district court entered an eviction order on May 29, 1997. Sweeney exhausted his appeals, but refused to quit and vacate. The FDIC obtained another order from the district court, dated February 19, 1998, commanding Sweeney to leave immediately upon service. Sweeney paid no heed and a squad of U.S. Marshals forcibly removed him from the premises on February 28, 1998. On the same date, he was arrested and charged with contempt. His trial and conviction followed.

Against this backdrop, we turn to the instant appeal. To show that the government prosecuted him under the wrong statute, Sweeney must demonstrate that the FDIC's action against him was not "brought or prosecuted in the name of, or on behalf of, the United States." 18 U.S.C. § 402. Inasmuch as Congress inserted a jury trial provision in section 402 in order to prevent abuse by "private litigants" seeking to use the judicial contempt power as an "instrument of private law enforcement," United States v. Wright, 516 F. Supp. 1113, 1116 (E.D. Pa. 1981) (citations omitted), the FDIC may be said to be acting "in the

-4-

name of, or on behalf of, the United States" for purposes of section 402 only insofar as its actions serve public (as opposed to private) ends. In any given case, the answer to this conundrum hinges on the particular statute under which the underlying actions were taken. See Auction Co. of Am. v. FDIC, 132 F.3d 746, 748 (D.C. Cir. 1997).

According to Sweeney, the FDIC was acting here not to advance any public goal, but, rather, to protect the interests of the depositors and creditors of the failed state-chartered bank. The decision in FDIC v. Sumner Financial Corp., 602 F.2d 670 (5th Cir. 1979), lends credence to this position. There, the Fifth Circuit distinguished between the FDIC's actions qua receiver of insolvent banks, and its actions qua insurer of state-chartered banks. See id. at 679. The court held that, in its former capacity, the FDIC was "to be treated exactly as any other receiver would be," and therefore was not acting as the United States for purposes of federal jurisdiction under the version of 12 U.S.C. § 1819 then in effect. Id.

The fly in the ointment, however, is that the decision in Sumner preceded the enactment of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989, Pub. L. 101-73, 103 Stat. 183 (codified as amended in scattered sections of 12 U.S.C.) (FIRREA). Congress enacted FIRREA "to aid the FDIC in

-5-

its immediate responsibilities of dealing with mounting bank failures in this country." FDIC v. Longley I Realty Trust, 988 F.2d 270, 274 (1st Cir. 1993) (quoting FDIC v. Wright, 942 F.2d 1089, 1096 (7th Cir. 1991)). In so doing, Congress made pellucid that, in acting as a receiver of failed banks, the FDIC fosters important public policies relating to the avoidance of a national banking crisis. See id. This assessment reflects the gist of post-FIRREA authority. See, e.g., FDIC v. Wentz, 55 F.3d 905, 909 (3d Cir. 1995) (stating that there is "a significant public interest in promptly resolving the affairs of insolvent banks"); RTC v. Thornton, 41 F.3d 1539, 1542 (D.C. Cir. 1994) (explaining that in resolving the affairs of failed banks, the RTC and its successor, the FDIC, are required not only to protect the assets of the failed institution for its depositors and creditors but also to "make efficient use of public funds") (citing 12 U.S.C. § 1441a(b)(3)(C)); Wright, 942 F.2d at 1096 (holding that an action involving the FDIC as receiver is not "simply a private case between individuals [but one that] involves a federal agency appointed as a receiver of a failed bank in the midst of a national banking crisis"). We agree with these courts. And insofar as the FDIC serves important public purposes when it functions as a receiver, it

may be said to be acting "in the name of, or on behalf of, the United States" within the purview of section 402.

For present purposes, we need not answer definitively the question of whether the FDIC, as a receiver of a failed state-chartered bank, is acting "in the name of, or on behalf of, the United States" within the purview of section 402.  It suffices that the question is, at the very least, an open one.  As such, Sweeney's professed entitlement to a jury trial is freighted with uncertainty.

We need go no further.  Since "plain error" must be just that — clear-cut, patent, and obvious — no plain error occurs when the state of the law is murky.  Thus, Sweeney's appeal fails.

**Affirmed**.  **See** 1st Cir. Loc. R. 27(c).