## METRO MEDIA BROADCASTING, INC., Plaintiff

### v.

## MARKETING PROMOTION NETWORK, INC.; Tony Trellés, Defendants.

### Civil No. 08–2218 (JP).

United States District Court, D. Puerto Rico.

Nov. 3, 2008.

Nicolás Nogueras–Cartagena, Esq., Julio César Alejandro–Serrano, Esq., Nicolás Nogueras Law Offices, San Juan, PR, for Plaintiff.

Roberto Busó–Aboy, Esq., Busó–Aboy Law Office, San Juan, PR, for Defendants.

### *OPINION AND ORDER*

JAIME PIERAS, JR., Senior District Judge.

The Court has before it Defendants' motion to vacate and enjoin state court proceedings (No. 7) and Plaintiff's motion to remand (No. 11). For the reasons stated herein, the Court **DENIES** Defendants'

motion to vacate and enjoin (**No. 7**), and **GRANTS** Plaintiff's motion to remand (**No. 11**).

## I. *FACTUAL AND PROCEDURAL BACKGROUND*

Plaintiff Metro Media Broadcasting, Inc. ("Metro Media") has been negotiating the purchase of WLUZ from Defendant Marketing Promotion Network, Inc. ("Marketing Promotion") since summer 2008. Plaintiff alleges that on August 15, 2008, Defendants handed over control of the station to Plaintiff. The parties are in disagreement regarding status of the sales negotiations. Plaintiff contends that the parties have an oral agreement for the sale of the radio station and that as a result of this contract, Plaintiff now has an ownership right in WLUZ. By contrast, Defendants assert that no contract has yet been formed. Defendants therefore contend that they currently retain ownership rights in the radio station, including the discretion to cut off Plaintiff's access to continue broadcasting.

On October 14, 2008, Plaintiff Metro Media filed a civil action against Defendants in the Puerto Rico Court of First Instance (the "State Court"). Metro Media requested a temporary order to prevent Defendants Marketing Promotion and Tony Trellés from cutting off Plaintiff's access to the radio frequency used to broadcast programming for the station WLUZ.

On October 24, 2008, the State Court held a hearing on Plaintiff's request for a temporary order to prevent Defendants from cutting Plaintiff's access to the WLUZ radio signal. On the day of the hearing, at 1:28 p.m., Defendants filed a notice of removal with the United States District Court for the District of Puerto Rico. At 2:37 p.m. on the same date, in the midst of the State Court hearing, Defendants handed copies of the notice of removal to Plaintiff and to the State Court.

Defendants' present motion requests that this Court vacate any orders issued in the State Court case, and enjoin the State Court from continuing with proceedings. Plaintiff moves this Court to remand the case to the State Court, arguing that there is no federal question jurisdiction in this case.

## II. *ANALYSIS*

### A. *Plaintiff's Motion to Remand*

Plaintiff argues that there is no basis for federal jurisdiction in the present case, and therefore that remand is appropriate. Defendants' notice of removal asserts that federal jurisdiction exists on the basis of a federal question. Specifically, Defendants contend that federal question jurisdiction exists because the parties' controversy relates to ownership and access rights for a radio broadcasting signal licensed by the Federal Communications Commission ("FCC") pursuant to 47 U.S.C. § 303 *et seq.*

■ The statute authorizing federal question jurisdiction states "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The mere presence of a federal ingredient in a claim is insufficient to support a finding that the claim "arises under" federal law. *Royal v. Leading Edge Products, Inc.*, 833 F.2d 1, 2 (1st Cir.1987); *Droz–Serrano v. Caribbean Records, Inc.*, 270 F.Supp.2d 217, 218 (D.P.R.2003). In *Royal*, the United States Court of Appeals for the First Circuit addressed the definition of "arising under" federal law in the context of a case involving a copyright:

> ... an action 'arises under' the Copyright Act if and only if the complaint is

for a remedy expressly granted by the Act, e.g., a suit for infringement ..., or asserts a claim requiring construction of the Act, ..., or, at the very least and perhaps more doubtfully, presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim. The general interest that copyrights, like all other forms of property, should be enjoyed by their true owner is not enough to meet this last test.

*Royal*, 833 F.2d at 2 (quoting *T.B. Harms Co. v. Eliscu*, 339 F.2d 823, 828 (2d Cir. 1964), cert. denied, 381 U.S. 915, 85 S.Ct. 1534, 14 L.Ed.2d 435 (1965)).

■ Similarly, in the case at bar, the general interest that an FCC licensed frequency should be enjoyed by its true owner is not enough to find that the present controversy arises under federal law. Metro Media's claim against Defendants is essentially a contract claim. The mere fact that the property involved in the disputed contract is a federally licensed radio frequency is insufficient to transform the contract claim into one that arises under the FCC licensing statutes. Because the present case does not arise under federal law, this Court does not have original jurisdiction under 28 U.S.C. § 1331. *Id.* Due to the absence of a proper basis for federal jurisdiction, the Court hereby grants Plaintiff's motion, and will enter a separate judgment remanding the case to the State Court.

### B. *Defendants' Motion to Vacate and Enjoin State Court Proceedings*

Defendant moves the Court to vacate the State Court's temporary order and enjoin further proceedings in the State Court. Defendant argues that removal was effective at the moment the notice of removal was filed with this Court and provided to the opposing party and to the State Court. *See* 28 U.S.C. § 1446; *Sweeney v. Resolution Trust Corp.*, 16 F.3d 1, 4 (1st Cir.1994).

In light of our decision to remand for lack of federal jurisdiction, we need not reach the issue of whether to vacate and enjoin the State Court proceedings. The relevant rule regarding removal provides that the State Court ceases to have jurisdiction "unless and until the case is remanded." 28 U.S.C. § 1446(d). Here, as the Court has granted Plaintiff's motion to remand, the State Court may now proceed without contravening the removal rules.

### III. *CONCLUSION*

In conclusion, the Court **DENIES** Defendants' motion to vacate and enjoin State Court proceedings, and **GRANTS** Plaintiff's motion to remand.

**IT IS SO ORDERED.**