**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-1500**

_____

TRACY E. WADE, Administratrix of the Estate of Richard
Brian Wade,

              Plaintiff - Appellant,

        v.

UNITED STATES OF AMERICA,

              Defendant - Appellee.

_____

Appeal from the United States District Court for the Southern
District of West Virginia, at Huntington.  Robert C. Chambers,
Chief District Judge.  (3:12-cv-00608)

_____

Submitted:  March 30, 2015          Decided:  April 10, 2015

_____

Before SHEDD, FLOYD, and THACKER, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Matthew C. Lindsay, Richard D. Lindsay, TABOR LINDSAY &
ASSOCIATES, Charleston, West Virginia, for Appellant.  R. Booth
Goodwin II, United States Attorney, Fred B. Westfall, Jr.,
Assistant United States Attorney, Charleston, West Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellant Tracy E. Wade appeals the district court's orders granting judgment to the Defendant after a bench trial and denying her Fed. R. Civ. P. 59 motion to alter or amend the judgment. The Appellee originally contended that we lacked jurisdiction over the appeal because it was not timely filed. We previously ordered the parties to submit supplemental briefs addressing whether judgment was entered on a separate document in accordance with Fed. R. Civ. P. 58(a). We now affirm.

To comply with the Rule 58 separate document requirements, "the essentials of a judgment or order [must be] set forth in a written document separate from the court's opinion or memorandum." Hughes v. Halifax Cnty. Sch. Bd., 823 F.2d 832, 835 (4th Cir. 1987). Because the district court did not enter its judgment on a separate document, we have jurisdiction. See Fed. R. App. P. 4(a)(7)(A)(ii); United States v. Little, 392 F.3d 671, 680 & n.15 (4th Cir. 2004); Caperton v. Beatrice Pocahontas Coal Co., 585 F.2d 683, 690-91 (4th Cir. 1978).

Turning to the merits, we review "judgments stemming from a bench trial under a mixed standard: factual findings are reviewed for clear error, whereas conclusions of law are reviewed de novo." Makdessi v. Fields, __ F.3d __, 2015 WL 1062747, *4 (4th Cir. Mar. 12, 2015) (citation and internal quotation marks omitted). "In cases in which a district court's

2

factual findings turn on assessments of witness credibility or the weighing of conflicting evidence during a bench trial, such findings are entitled to even greater deference." Helton v. AT&T, Inc., 709 F.3d 343, 350 (4th Cir. 2013). We review the denial of a Rule 59 motion for abuse of discretion. Jones v. Southpeak Interactive Corp. of Del., 777 F.3d 658, 674 (4th Cir. 2015) (citation omitted); Wilkins v. Montgomery, 751 F.3d 214, 220 (4th Cir. 2014) (citations omitted).

We have reviewed the record and the parties' briefs, and we conclude that the district court did not err or abuse its discretion. Accordingly, we affirm for the reasons stated by the district court. See Wade v. United States, No. 3:12-cv-00608 (S.D. W. Va. Apr. 28, 2014; Feb. 20, 2014). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED