**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1516**

CX REINSURANCE COMPANY LIMITED, f/k/a CNA Reinsurance Company
Limited,

        Plaintiff - Appellee,

    v.

DEVON S. JOHNSON,

        Defendant - Appellant,

    and

BENJAMIN L. KIRSON,

        Defendant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.
Paul W. Grimm, District Judge.  (8:15-cv-03132-PWG)

Argued:  September 8, 2020              Decided:  October 14, 2020

Before NIEMEYER, AGEE, and THACKER, Circuit Judges.

Vacated and remanded by published opinion.  Judge Niemeyer wrote the opinion, in which
Judge Agee and Judge Thacker joined.

**ARGUED:**  Samuel D. Cowin, GALLAGHER EVELIUS & JONES LLP, Baltimore,
Maryland, for Appellant.  Ellen Duffy Jenkins, RUBERRY STALMACK & GARVEY,

LLC, Chicago, Illinois, for Appellee.  **ON BRIEF:**  David G. Sommer, Paul S. Caiola, GALLAGHER EVELIUS & JONES LLP, Baltimore, Maryland, for Appellant.  Stuart M.G. Seraina, KRAMON & GRAHAM, P.A., Baltimore, Maryland; Edward F. Ruberry, RUBERRY, STALMACK & GARVEY, LLC, Chicago, Illinois, for Appellee.

———————————

NIEMEYER, Circuit Judge:

Local Rule 109 of the District of Maryland requires generally that "any motion requesting the award of attorneys' fees must be filed within fourteen (14) days of *the entry of judgment*," and noncompliance constitutes a "waiver of any claim for attorneys' fees." D. Md. R. 109.2.a (emphasis added). This language parrots Federal Rule of Civil Procedure 54, which requires generally that "[a] claim for attorney's fees . . . must be made by motion . . . filed no later than 14 days after *the entry of judgment*." Fed. R. Civ. P. 54(d)(2) (emphasis added). The issue in this case is whether the defendant's motion for attorneys fees was timely (1) when filed 18 days after an order granting voluntary dismissal was entered but not set out in a separate document, as required by Rule 58 and (2) when filed 13 days after an order was entered disposing of the defendant's timely filed "post-judgment" motion under Rule 59(e).

In this case, the district court, in a six-page "Memorandum Opinion and Order," granted the plaintiff's contested motion for voluntary dismissal of its complaint under Rule 41(a)(2) and entered an order of dismissal, which included the direction to the Clerk of Court "to close this case." No "separate document," however, set out the order as a "judgment," as required by Rule 58(a). After the defendant filed a Rule 59(e) post-judgment motion three days later to modify the order of dismissal and after the court denied that motion, the defendant filed a motion for attorneys fees. That motion was filed 18 days after the district court entered its order of dismissal in the case but 13 days after the district court disposed of the defendant's Rule 59(e) motion. The court held that its Local Rule required that the defendant's motion be filed within 14 days of *the entry of judgment* and

3

that because the defendant filed his motion 18 days after it entered the order of dismissal with prejudice, the motion was untimely. The court rejected the defendant's argument that his Rule 59(e) motion extended the judgment date until the court disposed of that motion. It also rejected the defendant's argument that in disregarding the extension resulting from his Rule 59(e) motion, the district court rendered its Local Rule in conflict with Rule 54. The district court explained that because its "[l]ocal rules are construed as *standing orders* of the district court" (emphasis added), they are exempted from any requirement to be consistent with Rule 54.

We vacate and remand the district court's order denying as untimely the defendant's motion for attorneys fees. Rule 58(a)'s separate-document requirement was not satisfied, and therefore the "entry of judgment" did not occur on the date that the district court entered its dismissal order. The dismissal order thus did not trigger the time for filing motions for attorneys fees under either Local Rule 109 or Federal Rule 54. Moreover, the district court's interpretation of its Local Rule with respect to a Rule 59(e) motion's effect on the date of judgment was inconsistent with Rule 54, in violation of Rule 83 (requiring local rules to be "consistent with . . . federal statutes and rules").

I

CX Reinsurance Company Limited ("CX Re") commenced this action against Benjamin L. Kirson, a policyholder, in October 2015, seeking the rescission of commercial general liability insurance policies issued to Kirson with respect to residential buildings that Kirson owned in Baltimore, Maryland. CX Re alleged that, in applying for the

4

policies, Kirson had falsely represented that there had never been any lead-paint violations in the buildings.

Shortly after CX Re commenced its action, Devon S. Johnson obtained a state-court judgment against Kirson for personal injuries caused by lead-paint exposure at one of Kirson's residential properties. Contending that his judgment against Kirson fell within the coverage of the CX Re policies, Johnson was permitted to intervene as a defendant in CX Re's rescission action in order to protect his interest in the proceeds of the policies.

After CX Re and Kirson reached a settlement agreement and Kirson was dismissed from the action, CX Re nonetheless continued to seek rescission of its policies with Johnson as the defendant. But on June 4, 2018, CX Re filed a motion for voluntary dismissal of its action with prejudice under Federal Rule of Civil Procedure 41(a)(2). Johnson opposed this motion, arguing that CX Re was only attempting to avoid a ruling that might adversely affect other related actions.

In a six-page "Memorandum Opinion and Order" dated June 15, 2018, the district court granted CX Re's motion for a voluntary dismissal and dismissed CX Re's complaint with prejudice. After addressing the payment of costs in the action and the return of materials obtained by discovery, the opinion and order directed the Clerk of Court "to close this case." The dismissal order was then entered in the docket. No separate document set out a "judgment," and the civil docket does not indicate the entry of any "judgment."

Three days after the district court entered its order of dismissal, Johnson filed a motion to modify the dismissal order, thereafter treating his motion as a Rule 59(e) motion. The district court denied that motion on June 20, 2018.

5

Thirteen days after the court denied Johnson's Rule 59(e) motion — on July 3, 2018 — Johnson filed a motion for attorneys fees. He maintained that while CX Re had "vigorously assert[ed] that it did not know of the basis for its rescission claim until 2015," it had actually "known about and possessed the lead violation notice on which the claim was based since 2008." Johnson thus argued that under the "bad faith" exception to the American rule for attorneys fees, Federal Rule of Civil Procedure 11, and 28 U.S.C. § 1927, he was entitled to recover attorneys fees. He also claimed fees incurred in obtaining certain documents in discovery that CX Re withheld until compelled to produce them.

CX Re responded to Johnson's motion, arguing primarily that it was untimely. It noted that the court had entered its order of dismissal on June 15, 2018, and that Johnson's motion was not filed until 18 days after that order. It argued that under Local Rule 109.2.a (requiring that such motions be filed within 14 days of "the entry of judgment"), Johnson's motion was untimely. Alternatively, CX Re argued that if the court were to consider Johnson's motion on the merits, the court should also consider its own cross motion for attorneys fees. The district court referred the parties' cross motions to a magistrate judge for a report and recommendation.

In her report and recommendation dated November 5, 2018, the magistrate judge recommended that Johnson's motion for attorneys fees be denied as untimely. The magistrate judge reasoned that because Local Rule 109.1 set the deadline for the filing of a *bill of costs* to be "within 14 days of the entry of judgment, or the entry of an order denying a motion filed under Fed. R. Civ. P. 50(b), 52(b), or 59," the lack of "a similar reference to post-judgment motions" in Local Rule 109.2.a governing the deadline for

6

filing an *attorneys fees* motion was telling. The judge also observed that "courts in this jurisdiction have held that the period for filing a motion for attorneys' fees under the Local Rule runs 'from the date of entry of the primary judgment . . . [rather than] post-verdict motions,'" citing *Jackson v. Beard*, 828 F.2d 1077, 1078 (4th Cir. 1987). Finally, the magistrate judge rejected Johnson's argument that this interpretation of "entry of judgment" in Local Rule 109.2.a would place the Local Rule's deadline for attorneys fees motions in conflict with the deadline in Federal Rule of Civil Procedure 54. She reasoned that no conflict existed because "Rule 54 allows courts to modify the deadline for motions for attorneys' fees" by a court order and "[l]ocal rules are construed as standing orders of the district court."

The district court adopted in full the magistrate judge's report and recommendation by order dated March 26, 2019. The court agreed that "the plain language of Local Rule 109 suggests that the fourteen days is measured from the entry of the primary judgment as opposed to the resolution of post-judgment motions," and it rejected Johnson's argument that "Local Rule 109.2.a should be read consistently with the cases interpreting similar language in Federal Rule of Civil Procedure 54." Accordingly, the court denied Johnson's motion for attorneys fees as untimely and also denied CX Re's conditional cross motion for attorneys fees.

From the district court's order dated March 26, 2019, denying his motion for attorneys fees, Johnson filed this appeal.

II

The district court denied Johnson's motion for attorneys fees as untimely because it was filed 18 days after the court filed its order of dismissal under Rule 41. In so ruling, the court applied Local Rule 109, which requires that "any motion requesting the award of attorneys' fees must be filed within fourteen (14) days of *the entry of judgment*." D. Md. Local R. 109.2.a (emphasis added). The terms "judgment" and "entry of judgment" are unambiguous procedural terms of art. Although the local rules define neither, the nationwide federal rules do.

Federal Rule of Civil Procedure 54(a) defines a "judgment" as "a decree and any order from which an appeal lies," and Rule 58(a) requires with limited exception that "[e]very judgment . . . must be set out in a separate document." Rule 58 likewise defines when the "entry of judgment" occurs. It provides that when a separate document is required, a judgment is "entered" when it is both entered in the civil docket and the earlier of (1) when "it is set out in a separate document" or (2) "150 days have run from the entry in the civil docket." Fed. R. Civ. P. 58(c).

In this case, the district court's June 15, 2018 dismissal order, while final in its nature, neither satisfied the requirements for a judgment, nor was it entered on June 15 as a judgment. It was a six-page "Memorandum Opinion and Order" ruling on CX Re's motion for voluntary dismissal and Johnson's opposition to that. *See* Fed. R. Civ. P. 54(a) ("A judgment should not include recitals of pleadings, a master's report, or a record of prior proceedings"); *Hughes v. Halifax Cnty. Sch. Bd.*, 823 F.2d 832, 835 (4th Cir. 1987) (holding that a five-page order that "recite[d] the case's factual and procedural

8

background" and provided "the reasons for the disposition" "did not comply with the Rule 58 separate document requirement"). And because the court's order was not set out in a separate document, the date of entry of judgment on that order was 150 days after the date of the order's entry in the docket. *See* Fed. R. Civ. P. 58(c) (providing that a judgment not set out in a separate document as required by Rule 58(a) is "entered" 150 days from the civil docket entry). Thus, because Johnson's motion for attorneys fees was filed within 150 days of the dismissal order's entry — before the 14-day period for filing such motions was triggered — it was certainly timely. *See United Auto. Workers Local 259 Soc. Sec. Dep't v. Metro Auto Ctr.*, 501 F.3d 283, 287 (3d Cir. 2007) ("[W]hen an order does not comply with Rule 58, there is no immediate 'entry of judgment' triggering the time period for Rule 54(d) motions. In such circumstances, the time period begins 150 days after entry of the order"); *see also* Fed. R. Civ. P. 58 advisory committee's note to 2002 amendment (noting that where a separate document is required under Rule 58(a) and the "court and clerk fail to comply," "the motion time period set by Rule[] . . . 54" does not "begin to run" until the "expiration of 150 days from entry of the judgment in the civil docket").

The district court did not say, nor has CX Re argued, that the terms "judgment" and "entry of judgment" are defined by the local rules in some special way to alert the bar that they have a meaning any different from the definitions given in Rules 54 and 58. Indeed, we have previously noted that the meanings must be shared. *See Jackson*, 828 F.2d at 1080 n.2 (indicating that the best "reading of the Local Rule's reference to 'judgment' in 'entry of judgment' is as a reference to the judgment contemplated by [Rule] 58 in its careful definition of the act of making 'entry of judgment'"). Moreover, it is a matter of common

9

sense and statutory prescription that local rules of procedure "must be" "read together" with the federal rules to ensure the consistency required "both by statute and rule." *Custer v. Pan Am. Life Ins. Co.*, 12 F.3d 410, 416 (4th Cir. 1993) (citing 28 U.S.C. § 2071, which mandates that court rules remain consistent with general rules of practice and procedure, and Fed. R. Civ. P. 83, requiring the same).

The essential purpose of Rule 58's requirement of a separate document is to define with precision when a judgment has been entered, since numerous deadlines under the rules — including the 14-day deadline for filing attorneys fees motions — run from that act. To read Local Rule 109.2.a's use of "judgment" and "entry of judgment" to mean something different from the federal rules' definitions of those terms would severely undermine the national rules' purpose of promoting consistency in practice. Indeed, adopting a different meaning of those terms in construing the Local Rule would likely end up denying litigants rights given to them under the federal rules.

CX Re argues that we should not give Johnson the benefit of Rule 58's requirement and the 150-day period it affords because he did not raise the issue before the district court. It insists that Johnson waived the issue, citing for support the test established in *Bankers Trust Co. v. Mallis*, 435 U.S. 381 (1978); *see also Hughes*, 823 F.2d at 835–36.

First, we agree that the record does indeed show that Johnson's counsel failed to bring Rule 58 to the district court's attention. And the district court and Clerk of Court apparently overlooked the separate-document requirement. But Johnson's counsel did challenge any suggestion that the attorneys fees motion was untimely, arguing that the local rules must be interpreted consistently with the federal rules.

10

In *Bankers Trust*, on which CX Re relies, the Supreme Court held that, in the narrow circumstances of that case, the usual mechanical enforcement of Rule 58's separate-document requirement should be deemed waived. The district court there "clearly evidenced its intent that [its] opinion and order from which an appeal was taken would represent the final decision in the case." *Id*. at 387. Moreover, a "judgment of dismissal" was recorded in the civil docket dismissing the case against Bankers Trust. *Id*. And finally, Bankers Trust did not "object to the taking of the appeal in the absence of a separate judgment," as required by Rule 58. *Id*. at 387–88. In those circumstances and to affirm the court of appeals's jurisdiction over the merits, the Supreme Court concluded that "the parties should be deemed to have waived the separate-judgment requirement of Rule 58." *Id*. at 388. While the Court recognized the importance of Rule 58's requirement and the fact that the rule should generally be "mechanically applied," *see id*. at 384–86, it similarly made clear that the Rule should not be designed as a "trap" for litigants, *id*. at 386. It "should be interpreted to prevent loss of the right of appeal, *not to facilitate loss*." *Id.* (emphasis added) (quoting 9 J. Moore, *Federal Practice* ¶ 110.08[2], at 119–20 (1970)). Moreover, in the circumstances of the *Bankers Trust* case, enforcement of the Rule would simply require a remand to enable the district court to enter the judgment in a separate document, from which an appeal could then be taken. *Id*. at 385. The Court noted that no one would benefit from a process under which "[w]heels would spin for no practical purpose." *Id*.

The waiver urged by CX Re in this case, however, is not so innocuous. It would indeed facilitate the loss of a right — Johnson's opportunity to have his motion for

11

attorneys fees considered by the court, an effort that Johnson vigorously pursued. Moreover, in this case, Johnson did not seek to appeal the district court's order of dismissal dated June 15, 2018, as was the case in *Banker's Trust*. Rather, he filed a motion to modify that order under Rule 59. And actions of this kind have universally been held not to waive the separate-document requirement of Rule 58. *See, e.g.*, *Warren v. Am. Bankers Ins. of Fla.*, 507 F.3d 1239, 1244 (10th Cir. 2007) (holding that a Rule 59 "motion to reconsider" a judgment, filed before a separate document, did not waive Rule 58); *LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n*, 503 F.3d 217, 225 (3d Cir. 2007) (holding that neither a motion for reconsideration nor a notice of appeal waived Rule 58); *Baker v. Mercedes Benz of N. Am.*, 114 F.3d 57, 60–61 (5th Cir. 1997) (rejecting an assertion of waiver "because in subsequent motions [appellant] referred to the . . . opinion and order as a 'final judgment'"). Indeed, we have reached the same conclusion in an unpublished opinion. *See Wade v. United States*, 599 F. App'x 115 (4th Cir. 2015) (per curiam) (holding that filing a Rule 59 motion after a memorandum opinion did not waive the separate-document requirement for purposes of determining the time to appeal).

At a broader level, the parties have asked us to resolve the question of timeliness by construing "entry of judgment," as that phrase is used in both Local Rule 109 and Rule 54. At oral argument, CX Re's counsel agreed that the "whole case rests on" the meaning of the term. And to construe the term, we have applied Rule 58's separate-document requirement. Regardless of whether the Rule 58 issue was presented to the district court, we are charged to consider the Rule to determine whether Johnson's motion was filed within 14 days of "the entry of judgment." We simply cannot construe that language

12

incorrectly or with a blind eye to the law because counsel failed to bring it to the district court's attention. We have an independent obligation to reach the best interpretation. *See Garnett v. Remedi Seniorcare of Va., LLC*, 892 F.3d 140, 142–43 (4th Cir. 2018) (permitting consideration "where 'the proper resolution is beyond any doubt' or 'where injustice might otherwise result'" (quoting *Singleton v. Wulff*, 428 U.S. 106, 121 (1976))). And in this case, consideration of Rule 58 surely puts the resolution of whether Johnson's motion was timely "beyond any doubt." *Id.* It is a pure question of law that may be resolved on the facts before us. *See Childers v. Chesapeake & Potomac Tel. Co.*, 881 F.2d 1259, 1263 n.1 (4th Cir. 1989). Moreover, when we recognized that our disposition of the case might require a consideration of Rule 58, we alerted counsel for the parties and afforded them the opportunity to file supplemental briefs to address the issue. And counsel for both parties did so.

At bottom, we conclude that because the district court's dismissal order was not set out in a separate document as required by Rule 58(a), Johnson's 14-day period for filing a motion for attorneys fees did not start to run until 150 days from the dismissal order's entry. *See United States v. Indrelunas*, 411 U.S. 216, 221–22 (1973). Johnson's motion was accordingly timely filed.

## III

Even were we to agree with CX Re's waiver argument, we would nonetheless conclude that Johnson's attorneys fees motion was timely filed.

13

For his principal argument on appeal, Johnson contends that even though his motion for attorneys fees was filed more than 14 days after the district court entered its order dismissing the case, the motion was nonetheless timely because it was filed within 14 days of the district court's denial of his Rule 59(e) motion for a modification of the dismissal order. He notes that while Rule 54 requires that he file an attorneys fees motion "no later than 14 days after the entry of judgment," Fed. R. Civ. P. 54(d)(2)(B), the date of the "entry of judgment" is extended until the district court disposes of a timely filed motion under Rule 59, *see* Fed. R. Civ. P. 59(e); Fed. R. App. P. 4(a); *Barghout v. Bureau of Kosher Meat & Food Control*, 141 F.3d 1157, at *2 (4th Cir. 1998) (per curiam) (unpublished table decision); *Bailey v. Cnty. of Riverside*, 414 F.3d 1023, 1025 (9th Cir. 2005) (reasoning that because post-trial motions "operate to suspend the finality of the district court's judgment," a "Rule 54(d)(2)(B) motion for fees is timely if filed no later than 14 days after the resolution of a Rule 50(b), Rule 52(b), or Rule 59 motion"); *Radtke v. Caschetta*, 822 F.3d 571, 573–74 (D.C. Cir. 2016) (same). Thus, he argues that when he filed his attorneys fees motion, it was timely.

CX Re contends that Johnson's argument is irrelevant because the district court denied his attorneys fees motion as untimely under Local Rule 109.2, not Rule 54. And the court has construed Local Rule 109.2 to require that the attorneys fees motions be filed 14 days after "the primary judgment," and not after disposition of any Rule 59(e) motion, as under Rule 54.

14

While Johnson does not challenge the district court's interpretation of its own rules, he does contend that the district court's interpretation creates an impermissible conflict with the federal rules and therefore cannot be applied.

As written, Local Rule 109.2 provides simply that "any motion requesting the award of attorneys' fees must be filed within fourteen (14) days of the entry of judgment." D. Md. R. 109.2.a. This language is not only consistent with Federal Rule 54 addressing the same issue, it uses the same terminology as the Federal Rule. Rule 54 provides that a motion for attorneys fees "must . . . be filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2)(B). Any tension between the local and federal provisions could arise only from a district court's interpretation of the Local Rule. And this occurred when the district court here concluded that the 14-day period begins to run from the original judgment and not from the date of disposition of any post-judgment motion. Thus, a litigant's filing of an attorneys fees motion within 14 days after the district court's disposition of a Rule 59(e) motion is timely under the federal rules but untimely under Local Rule 109.2. Stated otherwise, the district court's interpretation of its local rules denies litigants rights conferred to them by federal rules, and for that reason, its interpretation is inconsistent with the federal rules and cannot stand. *See* 28 U.S.C. § 2071(a) (requiring that district court's local rules "be consistent with Acts of Congress and [the national] rules of practice and procedure"); Fed. R. Civ. P. 83(a)(1) (same).

Generally, we would give some measure of deference to a district court's interpretation of its own local rules. Moreover, a district court can *by order* establish case-management tools related to attorneys fees motions and their timing. Here, though, Local

15

Rule 109.2 parrots the language of Rule 54 as if to follow it — setting the deadline for attorneys fees motions from the "entry of judgment" — but then the district court has construed "entry of judgment" inconsistently with federal statutes and rules. In making the time for attorneys fees motions run from the "entry of judgment," litigants can well expect, in the absence of any notice in the rule to the contrary, that "entry of judgment" has an established and consistent meaning. *See, e.g.*, 28 U.S.C. § 2107(a) (appeals must generally be taken within 30 days after "the entry of such judgment"); *id.* § 1961(a) (interest on judgments must be calculated "from the date of the entry of the judgment"); Fed. R. App. P. 4(a) (notices of appeal must be filed within 30 days "after entry of the judgment"); Fed. R. Civ. P. 54(d) (motions for attorneys fees must be filed within 14 days of "the entry of judgment"); Fed. R. Civ. P. 59(b) (a motion for a new trial must be filed no later than 28 days of "the entry of judgment"); Fed. R. Civ. P. 60(c) (a Rule 60(b)(1), (2), or (3) motion must be filed within a year of "the entry of the judgment"). Construing this widely used term of art contrary to its established meaning could well deny litigants procedural rights and no doubt lays an unfair trap for the unwary.

When Johnson made this inconsistency argument to the district court, the court responded that the Local Rule is like a standing order of court and is therefore exempted from the need to be consistent with Rule 54. *See* Fed. R. Civ. P. 54(d) (prescribing a 14-day deadline "[u]nless a statute or a *court order provides otherwise*" (emphasis added)). But material differences exist between a court's standing orders and local rules, and Rule 54 does not treat them the same. *See* Fed. R. Civ. P. 54(d)(2)(D) (referring separately to "local rule[s]"). A standing order may be adopted by a court by whatever mechanism the

16

court decides is appropriate, and there are no formal requirements for the issuance of standing orders except to give public notice of them. A local rule, on the other hand, is a form of law authorized by Congress and the Supreme Court, subject to explicitly stated requirements for adoption and limitations on scope. Under the arrangement reached between Congress and the Court, the Court has the power to prescribe rules and procedures in federal courts. 28 U.S.C. § 2072(a). And rules adopted through exercise of this power are reviewed by Congress. *Id*. § 2074. Adopted under this formal process, Federal Rule of Civil Procedure 83 confers on district courts the authority to adopt local rules but only within stated parameters, and no local rule that falls outside those parameters "may be prescribed by a district court." *Id*. § 2071(f). Proposed local rules must be published to give the "public notice and an opportunity to comment," and the "local rule[s] must be *consistent with* . . . federal statutes and rules." Fed. R. Civ. P. 83(a) (emphasis added); *see also* 28 U.S.C. § 2071(b). Moreover, local rules must be filed with the judicial council and with the Administrative Office of the U.S. Courts. Fed. R. Civ. P. 83(a). In short, a local rule cannot be equated with a "court order," as that term is used in Rule 54.

Accordingly, even if CX Re were entitled to rely on waiver of the Rule 58 requirement, we would nonetheless conclude that Johnson's attorneys fees motion was timely because of his Rule 59(e) motion.

\*      \*      \*

We vacate the district court's order denying Johnson's motion for attorneys fees as untimely and remand for further proceedings.

VACATED AND REMANDED

17